105 Cal.Rptr.2d 525 (2001)
88 Cal.App.4th 33
Charles STARZYNSKI, Plaintiff and Appellant,
v.
CAPITAL PUBLIC RADIO, INC., Defendant and Respondent.
No. C034165.
Court of Appeal, Third District.
March 29, 2001.
*527 Biegler Ortiz & Chan, Robert P. Biegler, Sacramento, Jessee S. Ortiz III, for Plaintiff and Appellant.
Meriam E. Hamilton, Lewis, D'Amato, Brisbois & Bisgaard, for Defendant and Respondent.
*526 SIMS, Acting P.J.
Beginning in 1979, plaintiff Charles Starzynski was employed as program director for Sacramento radio stations KXPR and KXJZ, which are owned and operated by defendant Capital Public Radio, Inc. (CPR).
Plaintiff was orally assured by his supervisor, Phil Corriveau, that plaintiffs employment could be terminated only for good cause.
In December, 1991, plaintiff signed an "Employment At Will Contract And Acknowledgement Form," which expressly stated in part: "I understand and agree that my employment is AT WILL and that either KXPR/KXJZ or I may terminate the employment relationship at any time, with or without cause or advance notice. I understand further that only the Board of Directors, by affirmative action, has the authority to change or make any agreement contrary to this at-will employment relationship."
Three days alter plaintiff signed the agreement, his supervisor, Corriveau, again advised plaintiff that, notwithstanding the agreement, plaintiffs employment would not be terminated as long as his performance was satisfactory.
Plaintiff resigned from employment in January, 1998. He later filed a complaint against CPR alleging wrongful discharge on the theories that CPR violated an implied contract of employment, that CPR violated an implied covenant of good faith and fair dealing, and that plaintiff was constructively discharged when he resigned his employment because of intolerable working conditions.
The trial court granted summary judgment in favor of CPR, from which plaintiff appeals.[1]
We shall conclude that plaintiffs employment was at-will, that there was no implied contract between the parties, that plaintiff has no claim for breach of the implied covenant of good faith and fair dealing, and that the at-will nature of plaintiffs employment precludes plaintiffs claim for wrongful discharge based on constructive discharge on account of intolerable working conditions.
We shall therefore affirm the judgment.

DISCUSSION

I. Standard Of Review

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc, § 437c, subd. (c).) "A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established...." (Code Civ. Proc, *528 § 437c, subd. (o)(2); see also, Komano v. Rockwell Internal, Inc. (1996) 14 Cal.4th 479, 486-87, 59 Cal.Rptr.2d 20, 926 P.2d 1114.) Once the moving party defendant meets its burden, the burden shifts to the plaintiff to show a triable issue of material fact exists. (Code Civ. Proc, § 437c, subd. (o)(2).) On appeal, the reviewing court exercises its independent judgment, deciding whether undisputed facts have been established that negate the opposing party's claim or state a complete defense. (Romano, supra, at pp. 486-487, 59 Cal. Rptr.2d 20, 926 P.2d 1114; Villa v. McFerren (1995) 35 Cal.App.4th 733, 741, 41 Cal. Rptr.2d 719.)

II. Breach Of Implied Contract

Plaintiff claims a triable issue of material fact exists with respect to his claim for breach of implied contract because, even though he signed the document acknowledging his employment was at-will, he received verbal assurances from his supervisor, Phil Corriveau, that his employment was secure as long as his performance remained satisfactory. We disagree.
Labor Code section 2922 provides: "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month."
"Labor Code section 2922 establishes the presumption that an employer may terminate its employees at will, for any or no reason. A fortiori, the employer may act peremptorily, arbitrarily, or inconsistently, without providing specific protections such as prior warning, fair procedures, objective evaluation, or preferential reassignment." (Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 350, 100 Cal. Rptr.2d 352, 8 P.3d 1089.)
"Labor Code section 2922, which provides that an employment relationship of unspecified duration may be terminated at the will of either party, establishes a presumption of at-will employment. This presumption may be overcome by evidence of an implied agreement that the employment would continue indefinitely, pending the occurrence of some event such as the employer's dissatisfaction with the employee's services or the existence of a cause for termination. (Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 680, 254 Cal.Rptr. 211, 765 P.2d 373.) `[Factors apart from consideration and express terms may be used to ascertain the existence and content of an employment agreement, including the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.' [Citation.]" (Soules v. Cadam, Inc. (1991) 2 Cal.App.4th 390, 399-400, 3 Cal.Rptr.2d 6, disapproved on other grounds in Turner v. Anheuser-Busch, Inc. (1994) 7 Cal.4th 1238, 1251, 32 Cal. Rptr.2d 223, 876 P.2d 1022.)
However, "`[t]here cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results.' [Citations.] The express term is controlling even if it is not contained in an integrated employment contract. [Citation.] Thus, the ... at-will agreement precluded the existence of an implied contract requiring good cause for termination." (Camp v. Jeffer, Mangels, Butler & Marmaro (1995) 35 Cal.App.4th 620, 630, 41 Cal.Rptr.2d 329, citing Shapiro v. Wells Fargo Realty Advisors (1984) 152 Cal.App.3d 467, 482, 199 Cal.Rptr. 613.) The California Supreme Court recently observed in dictum that most California cases "have held that an at-will provision in an express written agreement, signed by the employee, cannot be overcome by proof of an implied contrary understanding. [Citations.]" (Guz v. Bechtel National, Inc., supra, 24 Cal.4th at p. 340, fn. 10, 100 Cal.Rptr.2d 352, 8 P.3d 1089, orig. italics.)
We shall apply this latter rule here.
*529 The written agreement signed by plaintiff clearly and unambiguously told him that his employment was at-will and that only the Board of Directors, by "affirmative action," could change the at-will nature of plaintiffs employment. In his briefs, plaintiff makes no claim that the assurances of his supervisor constituted "affirmative action" of the Board of Directors.[2] Thus, plaintiffs assertion that his supervisor gave him oral assurances of continued employment cannot create an implied contract in the face of the written acknowledgement signed by plaintiff that his employment was at-will.
Plaintiff says the rule of Shapiro v. Wells Fargo Realty Advisors, supra, 152 Cal.App.3d 467, 199 Cal.Rptr. 613, is limited to oral representations made contemporaneously with or prior to the execution of the written contract. He cites Wagner v. Glendale Adventist Medical Center (1989) 216 Cal.App.3d 1379, 265 Cal.Rptr. 412, for the proposition that the Shapiro rule does not apply to subsequent oral modifications of written contracts. Plaintiff therefore seeks to rely on his declaration wherein he states that three days after he signed the acknowledgement of at-will status, he "again became concerned" and approached his supervisor, Corriveau, who "again assured" plaintiff that his employment could be terminated only for cause.
Wagner is distinguishable because in that case the employment agreement did not limit the way in which the at-will employment agreement could be modified. Here, as we have recounted, plaintiffs written employment agreement clearly specified that the at-will nature of plaintiffs employment could be changed only by "affirmative action" of the Board of Directors. Because plaintiff has made no showing that the representations of his supervisor, Corriveau, constituted affirmative action of the Board of Directors, Coriveau's oral assurances were ineffective to modify plaintiffs written at-will employment agreement.
We therefore conclude that plaintiffs claim that he had an implied contract of employment, providing for termination only for good cause, is without merit. Plaintiffs employment was at-will, and he could be terminated "for any or no reason." (Guz v. Bechtel National, Inc., supra, 24 Cal.4th at p. 350, 100 Cal.Rptr.2d 352, 8 P.3d 1089.)

III. Covenant Of Good Faith And Fair Dealing

On appeal, plaintiffs only argument regarding breach of the covenant of good faith and fair dealing is that, by showing triable issues concerning breach of implied contract, he necessarily showed triable issues concerning breach of the implied covenant of good faith and fair dealing. Our conclusion that plaintiff failed to show triable issues concerning breach of implied contract is therefore fatal to his claim for breach of the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing cannot impose substantive terms and conditions beyond those to which the parties actually agreed. (Guz v. Bechtel National, Inc., supra, 24 Cal.4th at pp. 348-353, 100 Cal. Rptr.2d 352, 8 P.3d 1089.)

IV. Constructive Discharge

Plaintiff contends the trial court erred in concluding he had failed to show working conditions so intolerable as to support a constructive termination claim. For reasons that follow, we shall conclude plaintiff has no viable claim for wrongful discharge based on constructive discharge.
"Constructive discharge occurs when the employer's conduct effectively *530 forces an employee to resign. Although the employee may say, `I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employee's will. As a result, a constructive discharge is legally regarded as a firing rather than a resignation. [Citations.]" (Turner v. Anheuser-Busch, Inc., supra, 7 Cal.4th at pp. 1244-1245, 32 Cal. Rptr.2d 223, 876 P.2d 1022.)
"[A]n employee cannot simply 'quit and sue,' claiming he or she was constructively discharged. The conditions giving rise to the resignation must be sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." (Turner v. Anheuser-Busch, Inc., supra, 7 Cal.4th at p. 1246, 32 Cal.Rptr.2d 223, 876 P.2d 1022.) An essential element of a constructive discharge claim is "`that the adverse working conditions must be so intolerable that any reasonable employee would resign rather than endure such conditions.' " (Id. at p. 1247, 32 Cal.Rptr.2d 223, 876 P.2d 1022.) The standard is an objective one. (Id. at p. 1248, 32 Cal. Rptr.2d 223, 876 P.2d 1022.)
We need not decide whether plaintiff has shown that intolerable conditions forced him to resign, because even assuming for the sake of argument that plaintiffs allegations of intolerable conditions are sufficient for constructive discharge, on this record he has failed to allege a wrongful discharge and therefore has no viable constructive discharge claim.
Thus, the Turner court stated: "Standing alone, constructive discharge is neither a tort nor a breach of contract, but a doctrine that transforms what is ostensibly a resignation into a firing. Even after establishing constructive discharge, an employee must independently prove a breach of contract or tort in connection with employment termination in order to obtain damages for wrongful discharge. [Citation.]
"An employee may prove, for example, that a constructive discharge is a breach of an express or implied contract of employment. In the absence of an express or implied agreement to the contrary, an employment relationship without a fixed term is presumed to be validly terminable at the will of either party, employer or employee, at any time. [Citations.]" (Turner, supra, 7 Cal.4th at pp. 1251-1252, 32 Cal.Rptr.2d 223, 876 P.2d 1022.)
"Apart from the terms of an express or implied employment contract, an employer has no right to terminate employment for a reason that contravenes fundamental public policy as expressed in a constitutional or statutory provision. [Citation.] An actual or constructive discharge in violation of fundamental public policy gives rise to a tort action in favor of the terminated employee. [Citations.]" (Turner, supra, at p. 1252, 32 Cal.Rptr.2d 223, 876 P.2d 1022.)
Here, plaintiff has not shown that his constructive discharge violated any contractual right. As we have recounted, his employment was at-will. As such, his employment could be terminated "for any or no reason." (Guz v. Bechtel National, Inc., supra, 24 Cal.4th at p. 350, 100 Cal.Rptr.2d 352, 8 P.3d 1089.) His employer, CPR, was entitled to act "peremptorily, arbitrarily, or inconsistently." (Ibid.) The nature of plaintiffs at-will employment, authorizing termination for any reason, is incompatible with plaintiffs claim that his employer could not discharge him by subjecting him to intolerable working conditions. We therefore hold that an at-will employee has no contractual claim for wrongful discharge based on constructive discharge on account of intolerable working conditions.
Nor does plaintiff have a tort claim. Such a tort claim for wrongful discharge requires the employee to show that he or she has been terminated for a *531 reason that contravenes fundamental public policy as expressed in a constitutional or statutory provision. (Turner, supra, 7 Cal.4th at p. 1252, 32 Cal.Rptr.2d 223, 876 P.2d 1022; Jennings v. Marralle (1994) 8 Cal.4th 121, 129-130, 32 Cal.Rptr.2d 275, 876 P.2d 1074.) Plaintiff has never asserted such a claim in this litigation.
Plaintiff fails to show any triable issue concerning constructive discharge.
We conclude plaintiff has failed to show any triable issues precluding summary judgment.

DISPOSITION
The judgment is affirmed. Defendant shall recover its costs on appeal.
MORRISON, J., and HULL, J., concur.
NOTES
[1] Plaintiff purported to appeal from the order granting summary judgment, which is not an appealable order. (Modica v. Merin (1991) 234 Cal.App.3d 1072, 285 Cal.Rptr. 673.) We will construe plaintiff's notice of appeal as an appeal from the judgment which was entered and which appears in the record on appeal. (Rule 2(c), California Rules of Court.)
[2] At oral argument in this court, plaintiff's counsel suggested for the first time a theory that plaintiff's supervisor was acting as an agent for the Board when he said plaintiff would not be terminated from employment as long as his performance was satisfactory. Plaintiff failed to assert this theory earlier and cannot raise it for the first time at oral argument. (Bonshire v. Thompson (1997) 52 Cal. App.4th 803, 808, fn. 1, 60 Cal.Rptr.2d 716.)