Paul KLEMBECK, Dr.; Robin Lettice, Ms.; Karen Muller, Ms.; David Preklas, Dr., Plaintiffs—Appellants,

v.

GTE CORPORATION; Charles Lee; Michael Masin; Kent Foster; J. Randall MacDonald; Armen Dermarderosian; Thomas Muldoon; John Stewart; William Barr, Defendants—Appellees.

No. 01–15084.

D.C. No. CV–99–21212–EAI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 20, 2002.

Before THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

The plaintiffs appeal the district court's dismissal of their claims against defendant GTE Corporation (GTE) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] The plaintiffs also appeal the district court's denial of their motion to remand to state court, and the district court's award of sanctions against plaintiffs' counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the factual and procedural history of the case, we will not repeat it here except as necessary to explain this disposition.

We review de novo the district court's denial of plaintiffs' motion to remand. *ARCO Envtl. Remediation v. Dep't of Health and Envtl. Quality, Montana,* 213 F.3d 1108, 1111 (9th Cir.2000). The factu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court's order also dismissed the plaintiffs' claims against all other defendants. The plaintiffs do not appeal that dismissal.

al determinations made by the district court in finding diversity jurisdiction are reviewed for clear error. *Prudential Real Estate Affiliates v. PPR Realty,* 204 F.3d 867, 872–73 (9th Cir.2000).

The district court properly considered the plaintiffs' good faith claim for punitive damages and found, by a preponderance of the evidence, that those damages could exceed $75,000 per plaintiff. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996); *Davenport v. Mutual Benefit Health & Accident Assoc.,* 325 F.2d 785, 787 (9th Cir.1963). The plaintiffs' remaining arguments with respect to the motion to remand require no further discussion.

We review de novo the district court's Rule 12(b)(6) dismissal for failure to state a claim. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). The plaintiffs alleged an implied contract precluding GTE from reducing their total compensation by eliminating the stock option programs. This alleged implied contract, however, would directly contradict the express terms of the Partnership Shares Stock Option Program (PSP) and Employee Stock Purchase Plan (ESP), which permitted stock options to be eliminated at any time. Because the express contractual terms control, the plaintiffs' implied contract claim was properly dismissed. *Cruey v. Gannett Co., Inc.,* 64 Cal.App.4th 356, 362, 76 Cal.Rptr.2d 670 (1998); *Rochlis v. Walt Disney Co.,* 19 Cal.App.4th 201, 211–212, 23 Cal.Rptr.2d 793 (1993), *overruled on other grounds* in *Turner v. Anheuser–Busch, Inc.,* 7 Cal.4th 1238, 32 Cal.Rptr.2d 223, 230, 876 P.2d 1022 (1994). Plaintiffs also alleged an implied contract which obligated GTE to negotiate a substantially comparable salary and benefits program with General Dynamics. The exhibits incorporated into their second amended complaint, however, negated any breach.

The plaintiffs' claim for breach of the implied covenant of good faith and fair dealing was also properly dismissed. As to the alleged implied contract pertaining to the stock option program, no such contract could exist in view of the express terms of the PSP and ESP, and thus there was no contract to which an implied covenant of good faith and fair dealing could attach. *See Starzynski v. Capital Public Radio, Inc.,* 88 Cal.App.4th 33, 39, 105 Cal.Rptr.2d 525 (2001). As to the alleged implied contract to negotiate comparable compensation, as previously stated, the second amended complaint and its exhibits negated any breach.

The district court also correctly dismissed the plaintiffs' cause of action for fraud because the allegations in the second amended complaint do not show that an actionable fraud was committed. *See Wilkins v. National Broad. Co., Inc.,* 71 Cal. App.4th 1066, 1081, 84 Cal.Rptr.2d 329 (1999); Fed.R.Civ.P. 9(b). The plaintiffs' allegations of justifiable reliance were deficient because they did not specifically allege reliance that was justifiable in light of the ESP and PSP disclaimers.

Finally, we review for abuse of discretion the district court's imposition of sanctions under 28 U.S.C. § 1927. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1117 (9th Cir.2000). The district court awarded a total of $4,800 in sanctions against the plaintiffs' attorney after finding that he acted in bad faith by re-filing causes of action which had previously been dismissed without leave to amend. In these circumstances, the district court did not abuse its discretion by its imposition of sanctions or in the amount of the sanctions imposed.

AFFIRMED.