FILED

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT PALMER, Sr., an individual, | No. 12-56231 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-07396-PA-E |
| v. | |
| HUHTAMAKI, INC., a corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 11, 2013[**]
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SIMON, District Judge.[***]

Gilbert Palmer appeals from the district court's summary judgment in favor

of Palmer's former employer, Huhtamaki, Inc., on Palmer's claims of (1)

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael H. Simon, District Judge for the U.S. District Court for the District of Oregon, sitting by designation.

discrimination under California's Fair Employment and Housing Act (FEHA), Cal Gov't Code § 12940(a), and (2) breach of an implied contract that Huhtamaki would terminate Palmer only for good cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

California applies the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to FEHA discrimination claims. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). "Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks and alteration omitted). Palmer has failed to carry that burden. At most, he has offered evidence calling into question Huhtamaki's proffered nondiscriminatory reason for forcing him to retire, but anti-discrimination laws "do[ ] not award damages against employers who cannot prove a nondiscriminatory reason for adverse employment action, but only against employers who are proven to have taken adverse employment action by reason of [an employee's membership in a protected class]." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 523–24 (1993).

2

Palmer's implied-contract claim fails for three distinct reasons. First, under California law, where there is an at-will provision in an "express written agreement, signed by the employee," that at-will provision "cannot be overcome by proof of an implied contrary understanding." *Starzynski v. Capital Public Radio, Inc.*, 105 Cal Rptr. 2d 525, 528 (Ct. App. 2001) (emphasis omitted). The receipt Palmer signed acknowledging he had received the Huhtamaki employee handbook was an express written agreement containing an at-will provision, *see id.* at 527, so Palmer cannot successfully claim to have an implied contract that he could only be terminated for good cause. The at-will provision allowed Huhtamaki's Chief Executive Officer to enter into agreements for employment that was not at will, but Palmer does not allege any such agreement with the Chief Executive Officer. *See id.* at 529.

Second, even if Palmer's signed acknowledgment were not dispositive, Palmer has not offered sufficient evidence of an implied contract to overcome the at-will provision found in the Huhtamaki employee handbook. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1100–09 (Cal. 2000).

Finally, even if there was an implied contract that termination would only be for good cause, Huhtamaki had good cause to terminate Palmer for his violation of company policy. *See Cotran v. Rollins Hudig Hall Int'l, Inc.*, 948 P.2d 412, 417,

3

422 (Cal. 1998); *Silva v. Lucky Stores, Inc.*, 76 Cal. Rptr. 2d 382, 387, 394–95 (Ct. App. 1998).

AFFIRMED.