Filed 5/24/16  Safeway, Inc. v. Jefferson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SAFEWAY INC., | C073034 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201100115537CUPOGDS) |
| v. | |
| EDWARD JAMES JEFFERSON, | |
| Defendant and Appellant. | |

Edward James Jefferson set up a table at the entrance to a stand-alone Safeway store, and there solicited petition signatures and conducted voter registration.  He refused to leave when the store's assistant manager asked.  Safeway Inc. (Safeway) sued for trespass and for injunctive and declaratory relief.  The trial court granted Safeway summary judgment.  Jefferson contends the court erred, claiming triable issues of fact

1

exist as to whether his location at Safeway was a public forum. We disagree and affirm the judgment.

## FACTS

Safeway operates a store on Alhambra Boulevard in Sacramento. It owns the property on which the store and its parking lot are located through its Vons division. The store is a stand-alone store, with no other retailers in the building. A 12-foot walkway runs parallel to the front of the building. Customers access the store from the parking lot through a front entrance that consists of two pairs of entrance and exit doors with a combined width of approximately 20 feet. There are no courtyards, plazas, or tables in the storefront area.

Jefferson periodically circulates petitions and registers voters for a living. On December 4, 2011, Jefferson set up a table and solicited signatures from Safeway customers alongside the 20-foot wide entrance channel leading to and from the store's entrance. Safeway's assistant manager told Jefferson he did not have permission to be there and asked him to leave. Jefferson refused.

Safeway sued and sought summary judgment. It accused Jefferson of trespass, sought injunctive relief, and sought a declaration that Jefferson did not have a constitutional right to occupy Safeway's property in front of the store entrance to solicit signatures. The trial court granted summary judgment. It concluded defendant trespassed Safeway's property, and it determined the property was not a public forum. It declared defendant did not have a right to solicit signatures at Safeway, and it awarded a permanent injunction.[1]

Jefferson contends the trial court erred in granting summary judgment. He asserts disputed issues of fact demonstrate Safeway's entrance area is a public forum because

---

[1] The trial court did not award damages, apparently because Safeway waived all damages except nominal damages.

Safeway allows certain nonprofit organizations to solicit in the same area and because Safeway did not establish that he abused any Safeway customers.

DISCUSSION

I

*Standard of Review*

A trial court will grant summary judgment where there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. A plaintiff moving for summary judgment must prove there is no defense to the action. He does this by proving each element of the cause of action entitling him to judgment. Defendant then bears the burden of showing a triable issue of material fact exists as to that cause of action or a defense thereto. (Code Civ. Proc., § 437c, subds. (c), (p)(1), (2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843, 849-850.)

On appeal, we exercise our independent judgment. (*Starzynski v. Capital Public Radio, Inc.* (2001) 88 Cal.App.4th 33, 37.) In determining whether there is a triable issue of material fact, we consider all the evidence set forth by the parties except that to which objections have been made and properly sustained. (Code Civ. Proc., § 437c, subd. (c); *Guz v. Bechtel National, Inc*. (2000) 24 Cal.4th 317, 334.) We resolve evidentiary conflicts, doubts, or ambiguities in the opposing party's favor. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.)

II

*Trespass*

To recover for trespass, Safeway had to prove the following elements: (1) Safeway possessed the property (*Smith v. Cap Concrete, Inc.* (1982) 133 Cal.App.3d 769, 774); (2) Jefferson intentionally entered onto Safeway's property (*Miller v. National Broadcasting Co.* (1986) 187 Cal.App.3d 1463, 1480-1481); (3) Safeway did not give Jefferson permission to enter its property (*id*. at p. 1480); (4) Safeway was harmed; and (5) Jefferson's entry was a substantial factor in causing Safeway's harm (*San Diego Gas*

3

*& Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 935-937). (See CACI Nos. 2000, 2004.)

Undisputed evidence supports each of these elements. Safeway possessed the property. Jefferson intentionally entered upon the property, set up a table and stood in the 20-foot wide entrance channel leading to and from the store's doors. Assistant manager Will Mullins told Jefferson he did not have permission to be on the site to solicit signatures and asked him to leave. Jefferson refused.[2]

Jefferson did not contest these facts. They establish he committed a trespass.

### III

### *Public or Nonpublic Forum*

Jefferson contends he cannot be liable for trespass and the court wrongly granted injunctive and declaratory relief because Safeway is a quasi public forum where he could engage in speech activities subject to time, place, and manner restrictions. He argues Safeway was a quasi public forum for two reasons. First, Safeway allowed certain nonprofit entities to fundraise on the site, and excluding him from the site based on the content of his speech while allowing others onto the site allegedly violated *Buckley v. American Constitutional Law Foundation* (1999) 525 U.S. 182 [142 L.Ed.2d 599] (*Buckley*). Second, there was no evidence Jefferson abused any of Safeway's customers by his activities on the site, an element he asserts Safeway must establish under *Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497 (*Hamburg*) and Penal Code sections 602.1 and 602.2 in order for the court to declare the store a nonpublic forum. We disagree with defendant's contentions. The Safeway entrance where defendant solicited customers was a nonpublic forum as a matter of law.

---

[2] Because Safeway sought only nominal damages, we need not look for evidence of harm and causation. (*Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1406; Directions for Use for CACI No. 2000 (2012) p. 1184.)

4

"As a general rule, landowners and tenants have a right to exclude persons from trespassing on private property; the right to exclude persons is a fundamental aspect of private property ownership. (See *Loretto v. Teleprompter Manhattan CATV Corp.* (1982) 458 U.S. 419, 435 [73 L.Ed.2d 868, 882].) An injunction is an appropriate remedy for a continuing trespass. [Citation.]

"The right to exclude persons exercising First Amendment rights, however, is not absolute. Our Supreme Court held in *Robins v. Pruneyard Shopping Center (Pruneyard)* [(1979)] 23 Cal.3d 899, that when private property is generally open to the public and functions as the equivalent of a traditional public forum, then the California Constitution protected speech, reasonably exercised, on the property, even though the property was privately owned." (*Allred v. Harris* (1993) 14 Cal.App.4th 1386, 1390, fn. omitted.) Jefferson relies on *Pruneyard* to claim Safeway is a public forum. *Pruneyard* does not apply.

The Supreme Court's reasoning in *Pruneyard* "determines the scope of that decision's application. That reasoning is most apt in regard to shopping centers' common areas, which generally have seating and other amenities producing a congenial environment that encourages passing shoppers to stop and linger and to leisurely congregate for purposes of relaxation and conversation. By contrast, areas immediately adjacent to the entrances of individual stores typically lack seating and are not designed to promote relaxation and socializing. Instead, those areas serve utilitarian purposes of facilitating customers' entrance to and exit from the stores and also, from the stores' perspective, advertising the goods and services available within. Soliciting signatures on initiative petitions, distributing handbills, and similar expressive activities pose a significantly greater risk of interfering with normal business operations when those activities are conducted in close proximity to the entrances and exits of individual stores rather than in the less heavily trafficked and more congenial common areas. Therefore, within a shopping center or mall, the areas outside individual stores' customer entrances

5

and exits, at least as typically configured and furnished, are not public forums under this court's decision in *Pruneyard, supra,* 23 Cal.3d 899." (*Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8* (2012) 55 Cal.4th 1083, 1092 (*Ralphs Grocery*).)

"[T]o be a public forum under our state Constitution's liberty of speech provision, an area within a shopping center must be designed and furnished in a way that induces shoppers to congregate for purposes of entertainment, relaxation, or conversation, and not merely to walk to or from a parking area, or to walk from one store to another, or to view a store's merchandise and advertising displays." (*Ralphs Grocery, supra,* 55 Cal.4th at p. 1093.)

The undisputed facts show the area of Safeway's property where Jefferson solicited signatures was not a public forum under the criteria announced in *Pruneyard* and *Ralphs Grocery.* The store is a stand-alone store without other retailers in or adjacent to the building. A 12-foot walkway runs parallel to the front of the building. The entrance consists of two pairs of doors with a combined width of approximately 20 feet that are located in the center front of the building and face the parking lot. These doors create an entrance "channel" about 20 feet wide that customers use to enter and exit the building. There are no courtyards, plazas, or tables in the storefront area. The general public does not socialize or congregate in this area. Jefferson set up his table and solicited signatures on the edge of the 20-foot wide access channel and on the walkway that parallels the building. This area outside Safeway's entrance with no amenities to encourage customers to linger and congregate is the epitome of private commercial property that under *Ralphs Grocery* is not a public forum.

Jefferson does not address *Ralph's Grocery.* Instead, he raises two other arguments. First, he argues Safeway's entrance area was a public forum because Safeway allowed certain nonprofit entities, such as the Girl Scouts, Boy Scouts, youth athletic organizations, and food banks, to fundraise and solicit on the site. He then

contends that because it was a public forum under his theory, Safeway unlawfully discriminated against him based on the content of his speech. The United States Supreme Court and our court have both rejected this argument. (*Perry Ed. Assn. v. Perry Local Educators' Assn.* (1983) 460 U.S. 37, 47-48 [74 L.Ed.2d 794, 806-807] (*Perry*); *Albertson's, Inc. v. Young* (2003) 107 Cal.App.4th 106, 125-127 (*Albertson's*.) Selective access to a nonpublic forum does not transform government property into a public forum (*Perry, supra,* 460 U.S. at p. 47), and by extension does not transform private property into a public forum.

"The extent to which private property is actually used for expressive purposes by members of the public is relevant, together with all of the surrounding circumstances, in determining whether the property has taken on the characteristics of a traditional public forum. But defendants [must] establish that the premises of [the private] store are actually used for expressive purposes to such an extent that they must be considered such a public forum." (*Albertson's, supra,* 107 Cal.App.4th at p. 126.)

Jefferson did not make this required showing. He showed Safeway might accept applications for permission to solicit from groups such as the Girl Scouts and Boy Scouts, but he introduced no evidence showing whether or how often the Safeway premises were actually used for those purposes. In the absence of such evidence, the evidence in the record attests Safeway's entrance was not a public forum.

Because the entrance was not a public forum, Safeway had no constitutional obligation to let any organization or person onto its property to solicit, including persons circulating petitions and conducting voter registration. "Implicit in the concept of the nonpublic forum is the right to make distinctions in access on the basis of subject matter and speaker identity. These distinctions may be impermissible in a public forum but are inherent and inescapable in the process of limiting a nonpublic forum to activities compatible with the intended purpose of the property. The touchstone for evaluating these distinctions is whether they are reasonable in light of the purpose which the forum

7

at issue serves." (*Perry, supra,* 460 U.S. at p. 49, fn. omitted.)  The distinction Safeway imposes between youth groups selling products to raise funds and defendant's soliciting activity, in light of Safeway's purely commercial purposes, is reasonable and does not offend Jefferson's rights of speech under the federal and state constitutions.

Because we hold Safeway is not a public forum, we need not attempt to apply *Buckley, supra,* 525 U.S. 182, the case Jefferson relies on.  There, the Supreme Court applied the compelling interest standard to judge the constitutionality of statutory limitations on persons who could qualify as circulators, and it concluded some of the limitations failed to pass muster.  The case, which does not concern circulators' use of nonpublic forums, is irrelevant.

In his second argument, Jefferson contends we must reverse summary judgment because Safeway failed to prove he abused any of its customers while soliciting.  He cites *Hamburg, supra,* 116 Cal.App.4th 497 and Penal Code sections 602.1 and 602.2 to support his argument.  The argument is meritless.  Safeway was under no obligation to prove Jefferson abused customers in order to establish a civil trespass or to have its property declared a nonpublic forum.  *Hamburg* and the Penal Code sections cited by Jefferson impose no such requirement and do not apply.

*Hamburg* concerned whether a store manager had sufficient cause to have executed citizen's arrests of protesters for committing a *criminal* trespass, specifically, the act of interfering with a lawful business open to the public by "obstructing or intimidating those attempting to carry on business," a misdemeanor under Penal Code section 602.1.  Following their arrest, the protesters sued the store, claiming false arrest (a form of false imprisonment) and intentional denial of their constitutional speech rights.  Reversing an award of summary judgment in favor of the store, the First District Court of Appeal held the store had not proven the protesters had obstructed or intimidated customers while they protested.  Having failed to establish that element of a criminal trespass, the store could not defeat the protesters' cause of action for false arrest on

8

summary judgment.  (*Hamburg, supra,* 116 Cal.App.4th at pp. 510-512.)  *Hamburg* did not address whether the store was a public forum.  (*Id*. at p. 513.)  Because our case does not concern criminal trespass but does concern whether private property was a public forum, *Hamburg* is irrelevant.

Applying the rule of *Ralphs Grocery* to the facts of this case, we conclude Safeway's entrance area where Jefferson sought to solicit signatures was not a public forum.  He thus has no constitutional defense to Safeway's cause of action in civil trespass.  The trial court did not err in entering judgment against Jefferson for trespass.  For the same reason, the court did not err in granting Safeway injunctive and declaratory relief by ruling Jefferson does not have a constitutional right to solicit at Safeway.

### DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Safeway.  (Cal. Code of Rules, rule 8.278(a).)

        NICHOLSON      , Acting P. J.

We concur:

        ROBIE           , J.

        MAURO         , J.