[No. C010107. Third Dist. Sept. 27, 1991.]

CYNTHIA MODICA, Plaintiff and Appellant, v.
MARK E. MERIN, Defendant and Respondent.

## COUNSEL

Crow, Sevey, Gilwee, Weninger, Alpar & Tronvig and Gerald J. Adler for Plaintiff and Appellant.

Cathleen A. Williams for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—Plaintiff Cynthia Modica purports to appeal from a summary judgment entered in this action for legal malpractice in favor of defendant Mark E. Merin.

The record on appeal reflects that on June 14, 1990, the trial court granted defendant's motion for summary judgment. Thereafter, defendant prepared and the court signed a formal order granting the motion. Plaintiff appealed, but on September 27, 1990, plaintiff's appeal was dismissed as from a nonappealable order granting summary judgment.

On November 5, 1990, plaintiff filed in the trial court and served a "notice of entry of judgment" which states that "judgment in the above-numbered and entitled action was entered in the Judgment Book of this Court on June 14, 1990 in Book No. 28 at Page No. 169 and that the same is now of record and on file in said action." Plaintiff again filed notice of appeal on November 13, 1990. Plaintiff attached a copy of the "notice of entry of judgment" to the notice of appeal.

■ This court informed plaintiff that it was considering dismissing her appeal again as from a nonappealable order. Plaintiff's counsel responded and acknowledged that "it does appear that a judgment of dismissal has not been entered by the trial court, although the ruling reflecting the summary judgment was entered in Book 28 at page 169."

Plaintiff's counsel cites two cases, *Donohue* v. *State of California* (1986) 178 Cal.App.3d 795 [224 Cal.Rptr. 57], and *Carroll* v. *Hanover Insurance*

*Co.* (1968) 266 Cal.App.2d 47 [71 Cal.Rptr. 868], as examples we should follow to extricate plaintiff from this impasse. In *Donohue*, the appellate court ordered the trial court "to enter, nunc pro tunc as of [the date of the order granting defendant's motion for judgment on the pleadings], a judgment dismissing the action as to defendant" since the merits of the appeal had been fully briefed and defendant would suffer no prejudice. (178 Cal.App.3d at p. 805.) In *Carroll*, the parties at oral argument stipulated that before submission of the cause a judgment of dismissal would be entered nunc pro tunc and the appellate record augmented with a certified copy of the judgment. (266 Cal.App.2d at p. 48.) We decline plaintiff's invitation to utilize either procedure.

It is not that we are insensitive to the plight of plaintiff's counsel but it is a plight not of our making. Nor is the problem here one that occurs only infrequently. Despite persistent efforts by the appellate courts to educate the bar, attempts to appeal from nonappealable orders of this nature continue unabated in substantial numbers. In 1973, this court created the fiction that a nonappealable order incorporated a judgment of dismissal. We did this not to "amend" Code of Civil Procedure section 904.1 to render orders such as this appealable, an act beyond our constitutional powers (see Cal. Const., art. III, § 3), but to further the interests of justice and prevent unnecessary delay (*California State Employees' Assn.* v. *State of California* (1973) 32 Cal.App.3d 103, 106, fn. 1 [108 Cal.Rptr. 60]). This court indulged that fiction in a number of cases thereafter in the hope that focusing attention on the problem in this way would effect a painless solution. Alas, this practice had the unintended and lamentable consequence that counsel came increasingly to rely upon the court's indulgence rather than to take the procedural steps necessary to perfect an appeal.

Some years ago, this court amended its form of settlement conference statement expressly to note that orders granting summary judgment or sustaining demurrers are not appealable and cited authority for that principle. Every civil appellant is required to complete a settlement conference statement at the very threshold of the appeal (Ct. App., Third Dist., Settlement Conf. Proc. Rules, rule 3). Alas, counsel in significant numbers either ignore or fail to comprehend our settlement conference statement admonition and submit completed statements in which the "appeal" is said to be, and in fact is, from an order granting summary judgment or sustaining a demurrer.[1]

---

[1]Item number 7 on this court's form settlement conference statement calls for: "A statement setting forth the basis for claiming that the judgment, order or ruling appealed from is final and otherwise appealable and the statutory basis of jurisdiction of this appellate court (e.g., Code of Civ. Proc., section 904.1.)" Immediately thereafter the following appears on the form settlement conference statement: "NOTE: An order sustaining a demurrer with leave to amend

Even before the Court of Appeal in the Second District, Division Seven, publicly declared its exasperation with this dolorous state of affairs (*Cohen v. Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84]), this court had abandoned its policy of tolerance. We have long since determined the proper role of an appellate court is to adhere to and apply Code of Civil Procedure section 904.1, not to devise and employ strategies for its wholesale avoidance. As a practical matter, experience teaches that far from solving the problem, the latter approach only exacerbates it.

The appeal is dismissed.

Marler, J., and Scotland, J., concurred.

---

is not appealable. (Otworth v. Southern Pac. Transportation Co. (1985) 166 Cal.App.3d 452, 457 [212 Cal.Rptr. 743].) [¶] An order sustaining a demurrer without leave to amend is not appealable. (Beazell v. Schrader (1962) 205 Cal.App.2d 673, 674 [23 Cal.Rptr. 189].) [¶] An order granting a motion for summary judgment is not appealable. (Intregral Land Corp. v. Anderson (1944) 62 Cal.App.2d 770, 771 [145 P.2d 364].)"

In completing to item number 7 on her settlement conference statement, plaintiff recites: "Summary judgment was entered on June 14, 1990. The judgment is final and appealable per Code of Civil Procedure, sections 904.1(a) and 1222."

In fairness, counsel is by no means unique in confusing an order of this type with a judgment. The frequency with which this identical error is made cannot be overstated.