119 Cal.Rptr.2d 59 (2002)
98 Cal.App.4th 11
In re HEATHER B. et al., Persons Coming Under the Juvenile Court Law.
Kings County Department of Human Services, Plaintiff and Respondent,
v.
Victor B., Defendant and Appellant.
No. F038781.
Court of Appeal, Fifth District.
April 2, 2002.
Rehearing Denied April 19, 2002.
Review Denied June 26, 2002.
*60 Carolyn Serena Hurley, under appointment by the Court of Appeal, for Defendant and Appellant.
Patricia M. Belter, Hanford, under appointment by the Court of Appeal, for the minors.
Denis A. Eymil, County Counsel, and Jeanette Cauble, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
THE COURT.[*]
Victor B. appeals from an order terminating his parental rights (Welf. & Inst. Code, § 366.26) to his daughters, Megan and Heather.[1] He does not claim the juvenile court committed prejudicial error at the section 366.26 hearing. Appellate counsel in fact originally filed a statement with this court under In re Sade C. (1996) 13 Cal.4th 952, 55 Cal.Rptr.2d 771, 920 P.2d 716 that there were no arguable issues. Nevertheless, appellant urges this court to reverse based on subsequent events. Namely, the children's adoptive placement has been terminated. On review, we will affirm.

PROCEDURAL HISTORY
In light of the limited scope of this appeal, the record may be briefly summarized. Megan, born in 1991, and Heather, born in 1993, have been dependent children in out-of-home placement since 1996. The children originally came to the juvenile court's attention because their mother failed to protect them from her boyfriend who sexually molested Heather. Meanwhile, the children could not be placed with their father because he had previously physically abused Megan. Despite extensive reunification efforts, neither parent regained custody of the children.
The court in 1999 selected long-term foster care as the permanent plan for the children. They had been placed with their paternal grandmother with whom they were strongly bonded; however, she was diagnosed with a serious health problem which eventually led to her death. The children were then placed out-of-state with their paternal great aunt. That placement led respondent Kings County Department of Human Services to seek modification of the permanent plan from long-term foster care to adoption. Although the juvenile court set a new section 366.26 hearing for the fall of 2000, there were numerous delays until June 2001 when the court found the children adoptable and terminated parental rights.

*61 DISCUSSION
Appellant contends Heather and Megan are no longer adoptable because they recently have been removed from their adoptive placement. According to appellant, if we do not reverse the order terminating his parental rights, there is a strong possibility that the children will become legal orphans. Lost in appellant's rhetoric is a lack of authority to support his position, not to mention statutory law which appears to expressly preclude the reversal he seeks.
An appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration. (In re Brittany H. (1988) 198 Cal.App.3d 533, 554, 243 Cal.Rptr. 763.) This rule reflects an "essential distinction between the trial and the appellate court ... that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law...." (Tupman v. Haberkern, (1929) 208 Cal. 256, 262-263, 280 P. 970.)
In this case, it is undisputed the record before the juvenile court supported its decision. Thus, there is nothing for this court to review. Instead, appellant would have this court act as trier of fact based on new evidence and find the children are now unadoptable. This we will not do.
Code of Civil Procedure section 909 does authorize appellate courts to make findings of fact on appeal.[2] That authority should be exercised sparingly, however, and absent exceptional circumstances, no such findings should be made. (Tyrone v. Kelley (1973) 9 Cal.3d 1, 13, 106 Cal.Rptr. 761, 507 P.2d 65.) Further, such authority will not be exercised except to affirm the judgment. (Kabisius v. Board of Playground and Recreation (1935) 4 Cal.2d 488, 494, 50 P.2d 1040; Tupman v. Haberkern, supra, 208 Cal. at p. 270, 280 P. 970.) Appellant, however, would have us exercise this authority to do just the opposite, that is reverse the judgment.
Appellant cites In re Elise K. (1982) 33 Cal.3d 138, 187 Cal.Rptr. 483, 654 P.2d 253 for the proposition that our consideration of subsequent events is appropriate and necessary under Code of Civil Procedure section 909. We disagree with appellant's reading of that decision.
In re Elise K., supra, arose out of a former Civil Code section 232 judgment terminating a mother's parental rights to her daughter Elise. During the pendency of the mother's appeal, the parties reached an agreement that the child was no longer adoptable. They also stipulated the judgment be reversed. The state Supreme Court determined it was appropriate to accept the stipulation and accordingly reversed the judgment. (In re Elise K., *62 supra, 33 Cal.3d at p. 139, 187 Cal.Rptr. 483, 654 P.2d 253.)

In re Elise K., supra, involved factually and legally distinct issues from the present case. There the high court acted based on undisputed facts and a stipulation of the parties. The facts here are disputed and no such stipulation exists. Further, the Elise K. court did not mention, let alone endorse, reversal based on Code of Civil Procedure section 909. It was only in a concurring opinion by then Chief Justice Rose Bird in which the taking of additional evidence in the absence of a stipulation was discussed. (Elise K, supra, 33 Cal. At pp. 149-151, concurring op. of C.J. Bird.)
Perhaps most importantly, section 366.26, which controls the present case contains a provision nowhere found in the former Civil Code section 232 statutory scheme involved in Elise K. Subdivision (i) of section 366.26 states:
"Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making the order, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal the order." (Emphasis added.)
This statutory language forbids alteration or revocation of an order terminating parental rights except by means of a direct appeal from the order. (In re Meranda P. (1997) 56 Cal.App.4th 1143, 1161, 65 Cal. Rptr.2d 913.) In other words, appellant may not go back to the juvenile court and relitigate his daughters' adoptability based on the new evidence he now champions in this court. This is because by the time a termination order is entered the interests of the child and parent collide, and the child's interest in finality prevails. (In re Meranda P., supra, 56 Cal.App.4th at p. 1164, 65 Cal.Rptr.2d 913.)
Given that appellant cannot seek to modify the termination order in the juvenile court under section 366.26, subdivision (i), we conclude he may not circumvent the statutory provision by attempting to relitigate the adoptability issue in this court. Notwithstanding the father's right to appeal, as we have previously stated, there is nothing for this court to review in that he does not claim the juvenile court erred when it made its order.

DISPOSITION
The order terminating parental rights is affirmed.
NOTES
[*] Before Buckley, Acting P.J., Wiseman, J., and Cornell, J.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] Code of Civil Procedure section 909 states:

"In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. The factual determinations may be based on the evidence adduced before the trial court either with or without the taking of evidence by the reviewing court. The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require. This section shall be liberally construed to the end among others that, where feasible, causes may be finally disposed of by a single appeal and without further proceedings in the trial court except where in the interests of justice a new trial is required on some or all of the issues."