[No. G034572. Fourth Dist., Div. Three. Dec. 9, 2005.]

SABEN, EARLIX & ASSOCIATES, Plaintiff and Respondent, v.
ROBERT E. FILLET, Defendant;
WILLIAM J. DAVIS et al., Interveners and Appellants.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**COUNSEL**

William J. Davis, in pro. per., for Intervener and Appellant.

Jessica D. Lew; William J. Davis and Kathryn J. Woods for Intervener and Appellant Davis & Company.

Peter L. Weinberger & Associates, Peter L. Weinberger and A. Douglas Mastroianni for Plaintiff and Respondent.

## OPINION

**MOORE, J.**—In a complicated litigation matter involving several parties, the trial court refused to consider an attorney fee motion, finding that the motion was untimely filed. The court erroneously determined that the entry of an order granting summary judgment triggered the running of the time limit for the filing of the attorney fee motion, under California Rules of Court, rule 870.2(b)(1), even though no summary judgment had ever been entered. However, an order granting summary judgment is not an appealable order and the entry of the order did not trigger the attorney fee motion filing deadline under rule 870.2(b)(1). The trial court's error is understandable considering the number of appellate court opinions that are confusing with respect to the appealability of an order granting summary judgment. We hope to provide some clarity on the point.

We reverse the order denying the attorney fee motion and remand the matter to the trial court for a hearing on that motion. The court's ruling on the motion for relief under Code of Civil Procedure section 473 is moot. We deny the request to file a late opposition to the motion for factual determinations and also deny the motion for factual determinations. No exceptional circumstances require this court to make factual determinations on appeal.

I

FACTS

On July 19, 2002, Saben, Earlix & Associates (Saben) filed a complaint for breach of fiduciary duty and declaratory relief against Robert Fillet (Fillet) (the Saben litigation). The allegations arose out of dealings connected with the Silver Sage Partners, Ltd. (Silver Sage), of which Saben purportedly was a general partner and Fillet purportedly was a former general partner. Saben stated that a $3,040,439 judgment had been entered on behalf of Silver Sage in certain litigation with the City of Desert Hot Springs (the Silver Sage litigation). Saben asserted, among other things, that Fillet's partnership interest had been extinguished and he had no rights as a general partner. Presumably, Saben intended to imply that Fillet had no right to collect a share of the $3,040,439 judgment.

The trial court granted William J. Davis (Davis) and Davis & Company (the Company) leave to intervene in the action. In their complaint in intervention, Davis and the Company alleged that Silver Sage had retained them to provide legal services in connection with the Silver Sage litigation. Among other things, Davis and the Company alleged that, through various contracts, they had become entitled to receive 30 percent of Silver Sage's total income from the judgment in the Silver Sage litigation, in addition to a 20 percent contingency fee and certain other monies. They alleged that the judgment, including accrued attorney fees and interest, could be worth $6.5 to $9 million.

In their complaint in intervention, Davis and the Company asserted what they characterized as "joint claims," in which they joined with Fillet in defending against Saben's claims in the Saben litigation. These joint claims were predicated upon the assertion that Davis and the Company had received a right to collect a substantial portion of the judgment proceeds from the Silver Sage litigation through an assignment from Fillet. They explained their concern that Saben's attempt to extinguish Fillet's partnership interest put at risk the share of the judgment that he had assigned to them. Davis and the Company also asserted "independent claims" for promissory estoppel, unjust enrichment, quantum meruit, and declaratory relief.

In the request for declaratory relief, Davis and the Company stated that the Saben litigation created a controversy as to their right to receive the partnership income that Fillet had assigned to them more than a decade earlier. They sought a court order declaring that they were "entitled to receive thirty-percent (30%) of the partnership income, in addition to [their] twenty-percent (20%) contingency fee, for having obtained a judgment in [the Silver Sage litigation], and that [their] rights [were] unaffected by the success or failure of [Saben's] lawsuit against Robert Fillet."

On June 11, 2003, Davis and the Company filed a motion for summary judgment.[1] The court granted the motion and a formal order was filed on October 3, 2003. The order contained a number of factual findings, including this one: "Thus, it is undisputed that, in the aggregate, [Davis and the

---

[1] The record on appeal does not contain a copy of the motion for summary judgment, or for that matter copies of the two orders from which Davis and the Company appeal. This court informed the parties of its intention to take judicial notice of the motion for summary judgment and the two orders, as contained in the trial court file in the Saben litigation, and gave them an opportunity to object. No objection having been made, we take judicial notice of those three documents. (Evid. Code, § 452, subd. (d).)

Company are] entitled to be reimbursed for all costs and expenses incurred in litigating the Silver Sage case and to receive fifty percent (50%) of all damages amounts and interest and attorney's fees . . . actually awarded to and collected by Silver Sage in the Silver Sage case." However, the court struck out all of the findings of law that had been contained in the draft formal order. The order entered did not direct the entry of judgment and no summary judgment was entered thereafter. Saben continued to litigate with Fillet.

Ultimately, on May 6, 2004, Saben filed a request for dismissal of the complaint, with prejudice, and the dismissal was entered on that date. On May 7, 2004, Fillet filed a request for dismissal of his cross-complaint, with prejudice, and the dismissal was entered on that date.

On July 2, 2004, Davis and the Company filed a motion for $225,108.81 in attorney fees, as the prevailing parties in the Saben litigation. At a hearing on August 12, 2004, the court denied the motion as untimely filed, stating the court had no jurisdiction to hear the matter.

On September 3, 2004, Davis and the Company filed a motion for relief under Code of Civil Procedure section 473, California Rules of Court, rule 870.2(d), the federal Fair Housing Act (42 U.S.C. § 3601 et seq.), and the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.). The court issued a tentative ruling to deny the motion as being an untimely request for reconsideration under Code of Civil Procedure section 1008, unsupported by any new facts or law. The court denied the motion on September 30, 2004.

On October 6, 2004, Davis and the Company filed a notice of appeal from the orders entered August 12, 2004 and September 30, 2004.

II

DISCUSSION

A. *Introduction:*

Davis and the Company contend that the court erred in denying their motion for attorney fees as untimely filed and in denying their motion for relief under Code of Civil Procedure section 473. They also assert that the

court erred in failing to consider their fee request under the federal and state fair housing laws. As we shall show, we only need to address the first contention.

### B. *Filing Requirements:*

California Rules of Court, rule 870.2(b)(1) requires that a motion for attorney fees incurred in the trial court be filed within the time permitted for the filing of a notice of appeal.[2] California Rules of Court, rule 2(a), in turn, provides: "Unless a statute or rule 3 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed; [¶] (2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) 180 days after entry of judgment."

Saben argues that the court was right in determining that the motion was filed late, because it was not filed within the time required by California Rules of Court, rule 2(a). According to Saben, the time for filing ran from the date Davis and the Company served a notice of entry of the order granting summary judgment, i.e., October 7, 2003. It concludes that the attorney fee motion therefore had to have been filed within 60 days thereafter, i.e., no later than December 7, 2003. Saben further argues that if, for some reason, the service of notice of entry of the order did not trigger the filing deadline, then the deadline would be 180 days after the date of entry of the October 3, 2003 order granting summary judgment. Because the attorney fee motion was not filed until July 2, 2004, Saben insists it was not timely filed.

---

[2] More specifically, California Rules of Court, rule 870.2 provides in pertinent part: "(a) . . . Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney fees and claims for attorney fees provided for in a contract. [¶] Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons. [¶] (b) [¶] (1) . . . A notice of motion to claim attorney fees for services up to and including the rendition of judgment in the trial court . . . shall be served and filed within the time for filing a notice of appeal under rules 2 and 3." California Rules of Court, rule 870.2(b)(2) permits the parties to extend the time period for filing the attorney fee motion by stipulation and rule 870.2(d) permits the court to extend the time period for good cause.

██ Davis and the Company disagree. They contend that an order granting summary judgment is not an appealable order that would trigger the running of the filing deadline. They are right.

██ Code of Civil Procedure section 437c, subdivision (m)(1) provides that a summary judgment is appealable. However, that subdivision also provides that an order entered under section 437c, other than a summary judgment, may be reviewed by writ petition. (Code Civ. Proc., § 437c, subd. (m)(1).) In other words, a summary judgment is appealable, but an order granting summary judgment is not. (*Allabach v. Santa Clara County Fair Assn.* (1996) 46 Cal.App.4th 1007, 1010 [54 Cal.Rptr.2d 330]; *Modica v. Merin* (1991) 234 Cal.App.3d 1072, 1074 [285 Cal.Rptr. 673].)

While the court entered an order granting summary judgment, it never entered a summary judgment. Thus, there was no appealable judgment or order. That is the simple answer.

Despite the plain rule that an order granting summary judgment is not appealable, however, we recognize that there are instances in which courts have held otherwise. For example, some courts have chosen to treat an appeal from an order granting summary judgment as an appeal from a subsequently entered judgment, or even to deem the order itself to be a judgment, in order to save the faulty appeal. (See, e.g., *Aguilar v. Universal City Studios, Inc.* (1985) 174 Cal.App.3d 384, 387, fn. 1 [219 Cal.Rptr. 891] [appeal from order treated as appeal from subsequent judgment]; *Lieding v. Commercial Diving Center* (1983) 143 Cal.App.3d 72, 73–74 [191 Cal.Rptr. 559] [nonappealable order granting motion for summary judgment treated as a judgment].) In other instances, courts have chosen to treat a notice of appeal from an order granting summary judgment as a writ petition instead, in order to clear the jurisdictional hurdle and hear a case pending before it. (See, e.g., *Jacobs-Zorne v. Superior Court* (1996) 46 Cal.App.4th 1064, 1072 [54 Cal.Rptr.2d 385].) On the other hand, some courts have announced to the bar that they will no longer save appeals from nonappealable orders, such as orders granting summary judgment. (*Modica v. Merin, supra,* 234 Cal.App.3d 1072 [appeal from order granting summary judgment dismissed]; see also *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695–1696 [40 Cal.Rptr.2d 125] [appeal from order sustaining demurrers dismissed].)

██ However, whether this court would have chosen to save a defective appeal from the order granting summary judgment had one been filed in this case is a matter we need not address. Suffice it to say, for the purposes of

determining the filing deadline for an attorney fee motion under California Rules of Court, rule 870.2, we do not read into the limitations period for the filing of an appeal a discretionary doctrine that an appellate court may generously choose to employ to save a defective appeal. In other words, we do not construe either the entry of a nonappealable order granting summary judgment, or the service of notice of entry of the same, as triggering the limitations period for filing either a notice of appeal or an attorney fee motion, just because some courts sometimes choose to save defective appeals.

Despite the general rule that an order granting summary judgment is not appealable, however, the trial court in this matter viewed it differently. At the hearing on the attorney fee motion, the trial court expressed its opinion that the time for filing the motion had run because of the rule of law stated in *G. E. Hetrick & Associates, Inc. v. Summit Construction & Maintenance Co.* (1992) 11 Cal.App.4th 318 [13 Cal.Rptr.2d 803] (*Hetrick*). Saben says this reasoning is correct. As we shall show, we disagree.

*Hetrick, supra,* 11 Cal.App.4th 318, involved an instance in which a plaintiff sued numerous defendants and one of them filed a cross-complaint against the plaintiff and all the other defendants save one. Summary judgment was entered in favor of all defendants on the complaint, but the cross-complaint remained active with respect to the plaintiff and the defendants named therein. The appellate court held that only the summary judgment in favor of the defendant not named in the cross-complaint was appealable. The summary judgment was not appealable with respect to the other defendants because it did not represent a final judgment—on account of the pending cross-complaint. (*Id.* at pp. 325–326.)

Saben argues that inasmuch as the summary judgment with respect to the one defendant whose matter was completely resolved was appealable in *Hetrick, supra,* 11 Cal.App.4th 318, so too the order granting summary judgment in favor of Davis and the Company should be held appealable here, even though the litigation continued as between Saben and Fillet. However, Saben is unduly distracted by the portion of the *Hetrick* opinion analyzing which judgments are final and which are not when multiple parties are involved. The point of the matter is that, despite some seemingly contradictory language in the *Hetrick* opinion, it seems clear that *Hetrick* involved a summary *judgment*—not just an order granting summary judgment. (*Id.* at pp. 321–322, 325–326.)

While the court in *Hetrick, supra*, 11 Cal.App.4th 318, repeatedly stated that the appeal was taken from a judgment, it did in a footnote loosely state that "the order granting summary judgment [was] final as to [one party] and, thus, immediately appealable. [Citation.]" (*Id.* at p. 326, fn. 5.) However, later in the same footnote, the court clarified that "the order appealed from as to all parties is a purported final judgment on the complaint following an order granting summary judgment and is, therefore, not an 'order pursuant to [Code of Civil Procedure section 437c] except the entry of summary judgment. . . .' (Code Civ. Proc., 437c, subd. (l).)"[3] (11 Cal.App.4th at p. 326, fn. 5.) This language indicates that a summary judgment was entered pursuant to an order granting summary judgment. Thus, we are dealing with an appeal from a judgment, as stated elsewhere in the *Hetrick* opinion. Again, the summary judgment is appealable, whereas the order granting summary judgment is not. (*Allabach v. Santa Clara County Fair Assn., supra*, 46 Cal.App.4th at p. 1010; *Modica v. Merin, supra*, 234 Cal.App.3d at p. 1074.)

The primary focus in *Hetrick, supra*, 11 Cal.App.4th 318, was not on the appealability of an order granting summary judgment, but on the application of the one final judgment rule when the litigation on a cross-complaint continues between some of the parties after judgment is entered on the complaint.[4] The *Hetrick* analysis begs the question—if Davis and the Company had prepared a summary judgment in their favor, could it have been entered under Code of Civil Procedure section 437c, subdivision (k)[5] and the rationale of *Hetrick*? Or, were Davis and the Company properly

---

[3] See now Code of Civil Procedure section 437c, subdivision (m)(1).

[4] We caution against confusing an analysis of the impact of the one final judgment rule in the context of ongoing litigation issues with an analysis of the significance of the Code of Civil Procedure section 437c, subdivision (m)(1) requirement that orders granting summary judgment be reviewed by writ petition. *Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096 [39 Cal.Rptr.2d 737] is illustrative. In that case, the court analyzed whether the one final judgment rule precluded an appeal from an order granting summary adjudication of only one of several causes of action. The court concluded that the one final judgment rule was no bar under the particular circumstances of the case. Then, it chose to take the separate step of treating the appeal from the order granting summary adjudication as an appeal from a final, appealable judgment. (*Id.* at p. 1102.) In other words, the court took the separate step of choosing to override the Code of Civil Procedure section 437c, subdivision (m)(1) writ petition requirement, in order to save the appeal. This second, discretionary step is not eradicated just because a determination is made that the one final judgment rule would not otherwise bar the appeal if it were taken from an order that was not required by statute to be reviewed by writ petition. To the extent that some cases fail to articulate this second step (see, e.g., *Stonewall Ins. Co. v. City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810, 1827–1828 [54 Cal.Rptr.2d 176]), we find their analysis to be incomplete.

[5] Code of Civil Procedure section 437c, subdivision (k) provides: "Except when a separate judgment may properly be awarded in the action, no final judgment may be entered on a motion for summary judgment prior to the termination of the action, but the final judgment shall, in addition to any matters determined in the action, award judgment as established by the summary proceeding herein provided for."

concerned that no summary judgment could have been entered because the continued litigation between Saben and Fillet had the potential to affect the rights of Davis and the Company? Were Davis and the Company understandably concerned that the court, in striking out large portions of the formal order they had prepared, showed an intent only to make certain factual findings and not to grant all the relief requested? These are questions we need not answer. Saben cites no authority for the proposition that Davis and the Company were required to present a summary judgment in their favor at the earliest opportunity and to request entry of the same. In hindsight, it might have been prudent for Davis and the Company to have done so, but we know of no reason why they were required to do so.

As it stands, no summary judgment on their complaint in intervention had been entered at the time Davis and the Company filed their attorney fee motion. The motion was not untimely filed and the court erred in failing to hear it. We remand the matter for a hearing on the attorney fee motion.[6]

C. *Request for Factual Determination/Request to File Late Opposition:*

On May 4, 2005, Saben filed with this court a motion for factual determinations under California Rules of Court, rule 22(b) and Code of Civil Procedure section 909. In that motion, Saben requests that this court make factual determinations on seven items pertaining to the interpretation of various contracts and the application of certain rules of law pertaining to those contracts and/or the recovery of attorney fees in general. We decline to accept this invitation. This court's authority under Code of Civil Procedure section 909 to make factual findings "should be exercised sparingly . . . and absent exceptional circumstances, no such findings should be made. [Citation.]" (*In re Heather B.* (2002) 98 Cal.App.4th 11, 14 [119 Cal.Rptr.2d 59].)

On July 26, 2005, Davis and the Company filed a request for leave to file a late opposition to Saben's motion. The request is denied.

---

[6] Inasmuch as we hold that the attorney fee motion was not untimely filed, we need not address the issue of whether the court erred in denying the motion for relief under Code of Civil Procedure section 473.

## III

## DISPOSITION

The order denying the motion for attorney fees is reversed and the matter is remanded to the trial court for a hearing on the merits. The appeal from the order denying relief under Code of Civil Procedure section 473 is moot. The July 26, 2005 request to file a late opposition to the motion for factual determinations is denied. The May 4, 2005 motion for factual determinations is denied. Davis and the Company shall recover their costs on appeal.

Rylaarsdam, Acting P. J., and O'Leary, J., concurred.

A petition for a rehearing was denied January 6, 2006.