Filed 11/19/14  Tianen-Bennett v. Super. Ct. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HELENA TIANEN-BENNETT,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Respondent;<br><br>CITY OF BERKELEY et al.,<br><br>    Real Parties in Interest. | A143191<br><br>(Alameda County<br>Super. Ct. No. RG11571525) |

**INTRODUCTION**

Petitioner Helena Tianen-Bennett is the plaintiff in an underlying trip-and-fall suit in Alameda County Superior Court.  Petitioner filed a timely petition for writ of mandate seeking reversal of the trial court's order denying her request to enter summary judgment so she could file an appeal based on the court's earlier orders granting summary judgment in favor of defendants and real parties in interest City of Berkeley (City) and KRGW Fujimoto, LLC (Fujimoto).  We shall grant the petition.

**BACKGROUND**

On September 5, 2012, Judge George Hernandez, Jr., issued an amended order granting City's motion for summary judgment under the trivial defect doctrine, ruling as a matter of law the area of sidewalk in dispute did not constitute a dangerous condition.[1]

_____

[1]  The merits of the ruling are not at issue here.

1

The amended order granting summary judgment concludes with the following language: "Defendant City of Berkeley is DISMISSED from this action. [¶] IT IS SO ORDERED." On the same date, Judge Hernandez issued a similar amended order granting summary judgment in favor of Fujimoto, owner of the property adjacent to the allegedly defective sidewalk. Plaintiff filed a motion for new trial and for reconsideration, which defendants opposed. On November 20, 2012, Judge Hernandez issued an order stating: "The Motion of Plaintiff for Reconsideration of the Court's Order granting Summary Judgment is DENIED."

Approximately 18 months later, on June 4, 2014, Judge Stephen Kaus issued a case management order scheduling a further case management conference for July 15, 2014. In response, plaintiff filed a motion requesting the court enter "Judgment on the granted Motion for Summary Judgment, because such Judgment is necessary for appeal, and Defendants never submitted it." Defendants opposed the motion, contending that the time to appeal had expired because the order granting summary judgment was a "written order of dismissal" and therefore constituted a final appealable judgment.

On August 26, 2014, the superior court clerk filed a "Notice of Entry of Judgment or Order" (Judicial Council Forms, form CIV-130) stating a "judgment, decree, or order was entered in this action on . . . 8/07/14" and attached a copy of the order. The attached order setting forth Judge Kaus's ruling states: "IT IS HEREBY ORDERED THAT: [¶] On the motion of Plaintiff . . . to enter summary judgment, the court orders as follows: [¶] The motion is DENIED. The court's September 5, 2012 order dismissed Defendants [City] and [Fujimoto] from the action. An order of dismissal is a judgment for all purposes. (Code Civ. Proc., section 581, subd. (d).) A judgment is an appealable order. (Code Civ. Proc., section 904.1, subd. (a)(1); California Rules of Court, rule 8.104(e).) The time to appeal a judgment has long since expired. (California Rules of Court, rule 8.104(a) [60 days from service of notice of entry of order or 180 days from entry of order of dismissal if no notice].) There is no cause to enter a second judgment. [¶] Plaintiff's

argument that the dismissal was in the body of the document and not in the title is not convincing. The document states that it is a dismissal and thus it is not merely the grant of a summary judgment, which is not a judgment, but is a dismissal, which is a judgment."

## DISCUSSION

It is black-letter law that an order granting summary judgment is not an appealable order. For example, as stated in *Saben, Earlix & Associates v. Fillet* (2005) 134 Cal.App.4th 1024 (*Saben*): "Code of Civil Procedure section 437c, subdivision (m)(1) provides that a summary judgment is appealable. However, that subdivision also provides that an order entered under section 437c, other than a summary judgment, may be reviewed by writ petition. (Code Civ. Proc., § 437c, subd. (m)(1).) In other words, a summary judgment is appealable, but an order granting summary judgment is not. [Citations.] [¶] *While the court entered an order granting summary judgment, it never entered a summary judgment. Thus, there was no appealable judgment or order. That is the simple answer.*"[2] (*Id.* at p. 1030, italics added; see also *Islander Yachts, Inc. v. One Freeport 36-Foot Vessel* (1985) 173 Cal.App.3d 1081, 1086, fn. 6 [order granting summary judgment is not an appealable order]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶¶ 2:241 to 2:241.1, pp. 2–117 to 2–118 ["No direct appeal lies from an order granting . . . a motion for summary judgment . . . . Instead, appeal of an order granting summary judgment should be taken from the judgment rendered on the order"].)

_____

[2] Despite this black-letter rule, in some instances appellate courts have shown lenity to "save" a faulty appeal filed by appellant from an order granting summary judgment by treating it either as an appeal from a subsequently entered judgment or as a writ petition. (See *Saben, supra,* at p. 1030; see also Eisenberg, supra, ¶ 2:242, p. 2-118 [noting "appellate court can invoke its 'saving' power to entertain an appeal from an order granting summary judgment by construing it as an appeal from the judgment"].) Here, there is no appeal to be "saved" because defendants never requested entry of judgment and no notice of appeal was ever filed.

Here, the trial court eschewed the well-established rule that an order granting summary judgment is not an appealable order. Instead, the trial court ruled that the order granting summary judgment constituted a judgment of dismissal under Code of Civil Procedure section 581, subdivision (d) as to the prevailing defendants because the order dismissed the defendant from the action.[3] The trial court further ruled entry of judgment of dismissal triggered the time period for appeal, which the court concluded had long since expired. We conclude the trial court clearly erred on this point.

Preliminarily, we can find no case, and real parties in interest cite none, in which an appellate court construed an order granting summary judgment as a judgment of dismissal for purposes of ascertaining the timeliness of an appeal.[4] Indeed, as we explain below, construing an order granting summary judgment as a judgment of dismissal does not accord with the statutory text defining dismissals under section 581.

Section 581, subdivision (b) describes circumstances under which an "action" may be dismissed: voluntarily by plaintiff, by consent of all parties, or by the court for failure to appear. (§ 581, subd. (b).) Section 581, subdivision (f) describes when "[t]he court may dismiss the complaint as to that defendant . . . : [¶] (1) . . . after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal. [¶]

---

[3]  Further undesignated statutory references are to the Code of Civil Procedure unless otherwise noted.

[4]  In their opposition briefs filed in this court, real parties in interest rely on *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559 (*Jocer*) and *Etheridge v. Reins Internat. California, Inc.* (2009) 172 Cal.App.4th 908 (*Etheridge*). In both cases, the appellate courts noted an order of dismissal is an appealable "judgment" if it is in writing, signed by the court, and filed in the action, but neither court applied that language in the course of deciding whether *an order granting summary judgment* could be construed as a judgment of dismissal. (See *Jocer, supra,* 183 Cal.App.4th at p. 565 & fn. 4 [noting trial court "sustained the *demurrer* without leave to amend and ordered the action dismissed" and the written order of dismissal "is an appealable judgment, as it was executed by the trial court and filed in the action," italics added]; *Etheridge, supra,* 172 Cal.App.4th at p. 913 [order sustaining the *demurrer* stating entire action is dismissed with prejudice and signed by the trial court is an appealable judgment of dismissal].)

4

(2) . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal. [¶] (3) After a motion to strike the whole of a complaint is granted without leave to amend and either party moves for dismissal. [¶] (4) After a motion to strike the whole of a complaint or portion thereof is granted with leave to amend the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." (§ 581, subd. (f).)

In short, a defendant may be dismissed under section 581, subd. (f) after defendant successfully attacks the pleadings via a demurrer or motion to strike. But section 581 nowhere provides that the court may dismiss the complaint as to a defendant after or upon an order granting summary judgment. Therefore, whereas "[a]ll *dismissals* ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes" (§ 581d, italics added), an order granting summary judgment is not a "dismissal" under section 581.

Our reasoning on this point is bolstered by *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 (*English*). In the context of deciding whether mandatory relief from summary judgment on the grounds of attorney mistake and neglect was available under section 473, subdivision (b), the *English* court stated a "summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal.' " (*English, supra,* 94 Cal.App.4th at p. 149.) As the court explained, " ' "dismissal" is a much broader concept than "default" ' [citation] . . . [and] 'in the context of pleadings and motions, a dismissal is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court.' [Citation.] Although Code of Civil Procedure section 581 describes various circumstances in which an action may be dismissed, either by the court or by a party, noticeably lacking is any provision describing a summary judgment in favor of a defendant as a 'dismissal.' " (*Id.* at pp.

5

144–145, italics added; see also *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 295 [following *English* and holding "a summary judgment is not a 'default judgment,' nor is it a 'dismissal'].)

Our conclusion that an order granting summary judgment is not a "dismissal" under section 581 is further bolstered by section 582, which states: "In all other cases [i.e., those not dismissed] judgment shall be rendered on the merits." (§ 582.) Patently, the trial court here rendered a decision on the merits in its order granting summary judgment, so the order cannot be a "dismissal" under section 581. In sum, we conclude the trial court clearly erred by construing the summary judgment orders as judgments of dismissal and denying petitioner's request that the court enter judgment.

## DISPOSITION

In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, or by further briefing and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Let a peremptory writ of mandate issue commanding respondent, the Superior Court of Alameda County, in Case No. RG11571525 to vacate the order entered on August 7, 2014 denying petitioner's motion to enter summary judgment and to issue a new and different order granting petitioner's motion to enter summary judgment. Petitioner is entitled to costs incurred in these writ proceedings. (See Cal. Rules of Court, rule 8.493(a)(1)(A).) Our decision is final in this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

6

 

 

 

 

                                                _____

                                                Dondero, J.

We concur:

_____

Margulies, Acting P.J.

_____

Banke, J.

7