Filed 9/5/24  Taylor v. Broomfield CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| TRACY TAYLOR, | C099288 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2021-80003783-CU-WM-GDS) |
| v. | |
| RON BROOMFIELD, as Director etc., | |
| Defendant and Respondent. | |

After the trial court sustained a demurrer to appellant Tracy Taylor's petition for writ of mandate with leave to amend, Taylor filed an amended petition mandating that Connie Gipson, the former Director of the Division of Adult Institutions within the California Department of Corrections and Rehabilitation (Department) allow him access to specified tobacco products.  Taylor alleged these products were needed to participate in the "Wheel of Love Ceremony" (Ceremony), a religious exercise associated with his

claimed religion of Thelema.  Ron Broomfield has since succeeded Gipson, and we will refer to Broomfield as the Director here.

The Director demurred to the amended petition and the trial court sustained the demurrer without leave to amend.  Taylor filed this appeal.

We dismiss the appeal for lack of a final judgment.  Orders sustaining demurrers are not appealable.

## FACTS AND HISTORY OF THE PROCEEDINGS

Taylor is a prisoner in the custody of the Department and has been imprisoned for many years in several Department prisons.  In a declaration filed in this action, Taylor alleges he is a follower of the religion Thelema, and that a religious exercise he follows under that religion is "the Wheel of Love Ceremony."  This ceremony takes place in his cell during which he places certain tobacco products in the four corners of his cell.  He alleges that placing the tobacco in his cell during the Ceremony is intended to keep negative energy out of the cell.

We note that over the years, Taylor has filed multiple petitions for writs of habeas corpus in different trial courts seeking to compel various prison personnel and agents of the Department to provide him access to tobacco for use in the Ceremony.  We need not summarize his mixed success with those petitions.

Taylor filed this action for mandate in December 2021.

The Director demurred to the first petition and the trial court sustained the demurrer.

On October 3, 2022, Taylor filed an amended verified petition for writ of mandate.  In the amended petition, Taylor sought to compel the Director to make specific tobacco products available to him for use in the Ceremony and to restrain the Director, the Department, and anyone acting under their authority "from interfering with petitioner['s] religious exercises by stopping petitioner from obtaining and using tobacco products."

He also asked the court to consider whether failure to comply with the writ he brought would constitute a contempt of court that would merit imposition of fines or jail time.

The Director demurred to the amended petition and the trial court sustained that demurrer without leave to amend.

The record before this court does not set forth a "judgment." Instead, the record only shows an August 18, 2023, "order sustaining respondent's demurrer to the amended petition for writ of mandate without leave to amend." The order finds, "[i]n accordance with the attached minute order, this Court sustains respondent's demurrer without leave to amend on the ground that the petition fails to state a claim under California Code of Civil Procedure section 1085." The order makes no mention of a dismissal of the petition and does not state it is a judgment in favor of the Director.

The attached minute order sustains the demurrer without leave to amend but does not explicitly dismiss the case nor does the order enter judgment. The closest the minute order comes to including a statement regarding a judgment is a directive to the Director's counsel to prepare a proposed judgment.

Included in the record is a copy of a letter dated August 15, 2023, from respondent's counsel to the trial court transmitting a copy of the "[Proposed] Order," which stated that counsel had provided a copy of the proposed order to Taylor and never received a response.

Taylor filed his notice of appeal on August 21, 2023. The notice characterizes the operative ruling as a denial of his writ of mandate "by . . . granting [the] motion for [d]emurrer in a hearing on July 21, 2023[,] in a minute order." That is, the notice of appeal does not identify a judgment.

The augmented record submitted by the Director and attached to his motion to augment the record also does not contain a judgment.

We granted Taylor's request to have this appeal proceed without a reporter's transcript.

DISCUSSION

I

*No Appealable Order or Judgment*

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

"It is well settled that an order sustaining a demurrer without leave to amend is not an appealable order or a final judgment." (*Beazell v. Schrader* (1962) 205 Cal.App.2d 673, 674; see also *Hill v City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) "An appeal can only be taken after the court enters judgment on the order sustaining the demurrer." (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069; see also *Modica v. Merin* (1991) 234 Cal.App.3d 1072, 1074, fn. 1 (*Modica*); *First Aid Services of San Diego, Inc. v. California Employment Development Dept.* (2005) 133 Cal.App.4th 1470, 1474, fn. 1.)

Dismissal of this appeal is consistent with this court's published policy not to engage in fictions to create appellate court jurisdiction. (See *Modica*, *supra*, 234 Cal.App.3d at pp. 1074-1075 ["We have long since determined the proper role of an appellate court is to adhere to and apply Code of Civil Procedure section 904.1, not to devise and employ strategies for its wholesale avoidance. As a practical matter, experience teaches that far from solving the problem, the latter approach only exacerbates it"]; see also *In re Gray* (2009) 179 Cal.App.4th 1189, 1198 ["the dismissal was consistent with this court's published policy not to engage in fictions to create appellate court jurisdiction"].)

DISPOSITION

The appeal is dismissed.

_____

HULL, Acting P. J.

We concur:

_____

BOULWARE EURIE, J.

_____

WISEMAN, J. *

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.