[No. B230666. Second Dist., Div. Eight. June 13, 2011.]

LEON DAVIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LOS ANGELES, Real Party in Interest.

COUNSEL

Alvin L. Pittman and Christie Webb for Petitioner.

No appearance for Respondent.

Carmen A. Trutanich, City Attorney, Claudia McGee Henry, Assistant City Attorney, and Brian I. Cheng, Deputy City Attorney, for Real Party in Interest.

OPINION

**RUBIN, Acting P. J.**—Leon Davis petitions for a writ of mandate directing the trial court to enter its final judgment so that Davis may file a notice of appeal. We grant the petition.

## FACTS AND PROCEEDINGS

In October 2008, Leon Davis filed an employment discrimination complaint against his employer, the City of Los Angeles. The city moved for summary judgment. In a minute order dated October 1, 2009, the trial court granted the city's motion for summary judgment. The minute order stated: "The Motion is tentatively granted pending issuance of the Court's final written ruling. [¶] LATER: Order Granting Summary Judgment is signed by the Court and filed this date. A copy of the order is sent via U.S. Mail to

counsel below. [¶] For the reasons set forth in the Order, the Motion for Summary Judgment is GRANTED."

The clerk of the court served the parties by mail with a copy of the minute order. The clerk's certificate of mailing identified the served document as "NOTICE OF ENTRY OF ORDER," and attested she had served "Notice of Entry of the above minute order of 10/01/09 . . . ."

The clerk attached to the minute order the court's written ruling filed that day, entitled "Order Granting Summary Judgment." The written order's first paragraph stated, "The court grants summary judgment in favor of the City because Plaintiff has failed to raise a triable issue of fact that race or age was a motivating reason." The order continued by discussing Davis's lack of admissible evidence that the city discriminated against him. The order then closed with a single, underlined sentence on its third page stating: "Judgment is therefore entered in favor of Defendant and against Plaintiff on all causes of action in the complaint."[1]

About three weeks later on October 21, 2009, the city filed and served on Davis the city's "[Proposed] Judgment."[2] The proposed judgment stated: "The Court having granted summary judgment in favor of defendant City of Los Angeles, IT IS ORDERED, ADJUDGED, AND DECREED that plaintiff Leon Davis shall take nothing by his complaint against defendant City of Los Angeles and that this action be and hereby is dismissed. [¶] Defendant City of Los Angeles shall recover its costs in the amount of $_____." That same day, the city also filed its memorandum of costs, which the court awarded to the city. The court did not, however, act on the city's proposed judgment. The Los Angeles Superior Court's on-line case summary contains an October 1, 2009 entry reading, "Order (. . . GRANTING SUMMARY JUDGMENT)" but contains no notation showing entry of judgment or notice of entry of judgment.

One year later in November 2010, Davis moved for entry of judgment. His motion stated, "Plaintiff will move this court to either sign and file the Judgment prepared by Defendant City of Los Angeles, dated October 21, 2009, or otherwise enter a judgment on Defendant's City of Los Angeles' Motion for Summary Judgment . . . ." The court heard the motion in December without an appearance or opposition by the city. During the hearing, the court stated it intended to deny the motion. The court explained: "I've already entered judgment . . . [¶] My order entering summary judgment

---

[1] The court's minute order contained the same sentence on its second page, but without underlining.

[2] The record does not contain a file-stamped copy of the proposed judgment showing the city filed the judgment with the court, but the parties agree the city did so.

dated October 1st, 2009, which I wrote, says 'Judgment is therefore entered in favor of defendant and against plaintiff on all causes of action.' [¶] So that is the judgment, as far as the court is concerned."

Trying to persuade the court otherwise, Davis emphasized the title of the October 1 ruling: "Order Granting Summary Judgment." The court replied by emphasizing the quoted text: "Judgment is therefore entered." The court allowed, however, that it accepted Davis's·point about the mismatch between the title and text of the October 1 ruling. The court said: "So I appreciate the point. And I think in the future, I'll perhaps title the document order and entry of judgment, but I don't think I can do anything about it [now]."

Davis filed a petition for writ of mandate directing the court to enter a final judgment. We issued an alternative writ commanding the court to enter a final judgment or show cause why it should not. The city as the real party in interest notified the trial court that the city wished to oppose Davis's request for relief. Therefore, we ordered further briefing and set the matter for oral argument.

## DISCUSSION

■  Davis and the city agree that one may not appeal from an *order* granting summary judgment. (*Saben, Earlix & Associates v. Fillet* (2005) 134 Cal.App.4th 1024, 1030 [36 Cal.Rptr.3d 610].) They further agree that a party seeking to appeal from a summary judgment must await the trial court's entry of judgment. (Code Civ. Proc., § 437c, subd. (m)(1).) Where they disagree is whether the trial court's October 1 minute order and written ruling were merely its order granting the city's motion for summary judgment, or constituted entry of judgment. If the court merely granted the city's motion, then Davis's time to appeal has not yet begun; if, on the other hand, the court entered judgment, the time to appeal has expired. (Cal. Rules of Court, rule 8.104(a).)

At the hearing on Davis's November 2010 motion for entry of judgment, the court deemed its October 1, 2009, judicial act the year before to have been entry of judgment. Thus, the court denied Davis's motion because entering judgment (for a second time in the court's mind) would, the court reasoned, violate the one judgment rule. (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 [120 Cal.Rptr.2d 213]; *Kimball Avenue v. Franco* (2008) 162 Cal.App.4th 1224 [78 Cal.Rptr.3d 352].) Davis contends the court erred because its October 1 judicial act was only its order granting the city's motion for summary judgment, not entry of judgment. In support of the act being an order, not a judgment, Davis emphasizes the caption of the court's written ruling styled as an "Order Granting Summary

Judgment." Davis also notes that the clerk's certificate of service by mail described service of the ruling as "NOTICE OF ENTRY OF ORDER" rather than entry of judgment.

The city, on the other hand, relies on authority that the effect of the written ruling, rather than its form, determines whether a ruling is an order or judgment. (*Bank of California v. Thornton-Blue Pacific, Inc.* (1997) 53 Cal.App.4th 841, 845 [62 Cal.Rptr.2d 90]; *Estate of Miramontes-Najera* (2004) 118 Cal.App.4th 750, 755 [13 Cal.Rptr.3d 240]; *Concerned Citizens of Palm Desert, Inc. v. Board of Supervisors* (1974) 38 Cal.App.3d 257, 263, fn. 6 [113 Cal.Rptr. 328].) Emphasizing the underlined, final sentence on the ruling's last page, which stated "Judgment is therefore entered in favor of Defendant and against Plaintiff on all causes of action in the complaint," the city asserts, "It is difficult to imagine language that is clearer . . . ." Noting that the absence of any need for further trial court action is a final judgment's hallmark (*Laraway v. Pasadena Unified School Dist., supra*, 98 Cal.App.4th at p. 582), the city asserts that the court's written ruling left nothing more for the court to decide between the parties (other than customary postjudgment matters such as awarding costs).[3]

The city's filing of its "[Proposed] Judgment" belies its assertion that nothing more needed to be done, for if nothing more were needed then why did the city file its proposed judgment? The city's briefs do not address that question. *Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1 [120 Cal.Rptr.2d 808], illuminates the difference between the court's October 1 ruling and the city's proposed judgment three weeks later. In *Swain*, the ruling's language made a stronger case for being the court's judgment than does the October 1 language the city recites here. The order granting summary judgment in *Swain* stated: " 'IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said Motion for Summary Judgment is granted and that judgment shall be entered forthwith in favor of [defendant] and against plaintiffs . . . .' " (*Id.* at pp. 5–6, original boldface.) The *Swain* appellate court nonetheless deemed the language in the ruling to fall short of entering judgment. Among the reasons it fell short was it contained "no express declaration of the ultimate rights of the parties, such as that 'plaintiffs shall take nothing,' or 'the action is dismissed.' " (*Id.* at p. 6.) Nevertheless, because the trial court's intent in *Swain* was clear, the appellate court elected to treat the written ruling as the court's judgment, explaining, "because the trial court clearly intended to finally dispose of plaintiffs' complaint . . . , we can amend the order to make it an effective judgment." (*Ibid.*)

---

[3] The city notes the court awarded costs, which customarily occurs postjudgment, but the fact that the city reached outside the four corners of the court's October 1 ruling to cite extrinsic evidence that the purported judgment is, in fact, a judgment illustrates the mischief that clarity in judgments aims to avoid.

■ *Swain* illuminates and instructs. Here, the court's October 1 ruling stated: "Judgment is therefore entered in favor of Defendant and against Plaintiff on all causes of action in the complaint." Not until the city filed its proposed judgment three weeks later did language surface that contained an "express declaration of the ultimate rights of the parties" (*Swain v. California Casualty Ins. Co., supra*, 99 Cal.App.4th at p. 6) by directing that "plaintiff Leon Davis shall take nothing by his complaint against defendant City of Los Angeles and that this action be and hereby is dismissed." In *Swain* the appellate court's willingness to read the language of the court's order as constituting the court's judgment vindicated the right to appeal, the *Swain* court explained, "Accordingly we will direct amendment of the order granting summary judgment to declare that (1) judgment is entered nunc pro tunc . . . . [¶] As so amended we deem the order an appealable judgment and proceed to the merits." (*Ibid.*) Here, in contrast, construing the trial court's language as its judgment when it was styled as an order extinguishes the right to appeal. Consistent with the importance of the right to appeal, we conclude that denying Davis his appellate rights requires more than an "order" (the court's own title for its ruling) dressed up to masquerade as a "judgment."

## DISPOSITION

Let a writ issue commanding the trial court to grant petitioner Leon Davis's November 9, 2010 motion for entry of judgment. Petitioner to recover costs in this writ proceeding.

Flier, J., and Grimes, J., concurred.

A petition for a rehearing was denied July 12, 2011.