Filed 8/21/24

# IN THE SUPREME COURT OF CALIFORNIA

DAVID MEINHARDT,
Plaintiff and Appellant,
v.
CITY OF SUNNYVALE,
Defendant and Respondent;
SUNNYVALE DEPARTMENT OF PUBLIC SAFETY,
Real Party in Interest and Respondent.

S274147

Fourth Appellate District, Division One
D079451

Santa Clara County Superior Court
19CV346911

---

**ORDER MODIFYING OPINION**

THE COURT:

It is ordered that the opinion in this matter filed on July 29, 2024, be modified as follows:

1. The text of footnote 6 on page 6 of the opinion is deleted in its entirety and replaced with the following:

This includes special proceedings such as administrative mandate proceedings.  (§ 22 ["[a]n action is an ordinary proceeding"]; § 23 ["special proceeding" is "[e]very other remedy"]; § 1110 [appellate rules and procedures that apply to civil actions apply to writs of review, mandate, and prohibition].)

2.  The sentence on page 20 of the opinion that states, "To the contrary, section 1110 explicitly provides that appellate rules and procedures that apply to civil actions apply to all special proceedings" is deleted in its entirety and replaced with the following:

To the contrary, section 1110 explicitly provides that appellate rules and procedures that apply to civil actions apply to writs of review, mandate, and prohibition.

This modification does not affect the judgment.

# IN THE SUPREME COURT OF CALIFORNIA

DAVID MEINHARDT,
Plaintiff and Appellant,
v.
CITY OF SUNNYVALE,
Defendant and Respondent;
SUNNYVALE DEPARTMENT OF PUBLIC SAFETY,
Real Party in Interest and Respondent.

S274147

Fourth Appellate District, Division One
D079451

Santa Clara County Superior Court
19CV346911

July 29, 2024

Justice Jenkins authored the opinion of the Court, in which Justices Corrigan, Liu, Kruger, Groban, Evans, and Sanchez* concurred.

---

* Associate Justice of the Court of Appeal, Fourth Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

MEINHARDT v. CITY OF SUNNYVALE

S274147


Opinion of the Court by Jenkins, J.


California Rules of Court, rule 8.104(a)(1),[1] provides that "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." This time limit is jurisdictional: "no court may extend the time to file a notice of appeal" (rule 8.104(b)), and relief cannot be conferred by stipulation, waiver, or estoppel (*Hollister Convalescent Hosp. Inc, v. Rico* (1974) 15 Cal.3d 660, 666–667). "If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Rule 8.104(b).)

We granted review in this case to resolve uncertainty about when the time to appeal starts to run in writ of administrative mandate[2] proceedings pursuant to section

---

[1] All further rule references are to the California Rules of Court unless otherwise stated.

[2] We use the term writ of administrative mandate throughout this opinion, except in quotations. (See Code of Civ. Proc., § 1084 [a "writ of mandamus may be denominated a writ of mandate"].)

1

1094.5 of the Code of Civil Procedure.[3] Some Courts of Appeal, including that in this case which dismissed the appeal as untimely, hold that the time starts to run with the filing of an "order" that disposes of all issues in the case and contemplates no further action, not with subsequent entry of a "judgment." (E.g., *Meinhardt v. City of Sunnyvale* (2022) 76 Cal.App.5th 43, 50–51 (*Meinhardt*); *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 182–183 (*City of Calexico*).) Other Courts of Appeal hold that the time starts to run with the entry of a "judgment," not with the filing of a prior "order" (E.g., *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 368, fn. 2 (*Protect Our Water*)) or "minute order" (*Hadley v. Superior Court* (1972) 29 Cal.App.3d 389, 392).

"The time of appealability, having jurisdictional consequences, should above all be clear." (*Budinich v. Becton Dickinson and Co.* (1988) 486 U.S. 196, 202.) "[B]right lines are essential in this area, to avoid both inadvertent forfeiture of the right to appeal and excessive protective appeals by parties afraid they might suffer such a forfeiture." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761 (*Baycol*).) " 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' " (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 (*Alan*).)

Given these considerations, and for the reasons set forth below, we adopt a "bright line[]" rule (*Baycol, supra*, 51 Cal.4th at p. 761) that the time to appeal in administrative mandate proceedings starts to run with entry of "judgment" or service of notice of entry of "judgment," rather than with the filing of, or

---

**3** All further statutory references are to the Code of Civil Procedure unless otherwise stated.

service of notice of the filing of, an "order," minute order, or other ruling. We therefore reverse the judgment of the Court of Appeal, which held to the contrary.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, the City of Sunnyvale Department of Public Safety (Department) imposed a 44-hour suspension on Officer David Meinhardt (Meinhardt), and the City of Sunnyvale Personnel Board (the Board) upheld the suspension. Meinhardt challenged the suspension by filing a petition for writ of administrative mandate in the superior court, naming the Board as a defendant and the Department as real party in interest (together, the City). On August 6, 2020, after briefing and a hearing, the court filed a document entitled "ORDER" (the August 6 Order) containing factual findings and legal rulings and concluding, "the Petition for Writ of Administrative Mandamus is DENIED." The clerk of the court served the August 6 Order on the parties by mail the same day. On August 14, 2020, the City served Meinhardt with a judicial council form CIV-130 entitled "Notice of Entry of Judgment or Order," along with a file-stamped copy of the August 6 Order.

On September 4, 2020, the parties signed and submitted to the court a document entitled "JUDGMENT" that stated, "On August 6, 2020, the Court issued an Order Denying Petitioner David Meinhardt's Petition for Writ of Administrative Mandamus . . . . For the reasons set forth in the Order, the Court hereby enters Judgment for Respondents City of Sunnyvale, et al., and against Petitioner David Meinhardt, who shall take nothing by this action. [¶] IT IS SO ORDERED, ADJUDGED AND DECREED." The court signed this document on September 17, 2020, and Meinhardt served on the City a

"Notice of Entry of Judgment" on September 22, 2020. The trial court entered the judgment on its docket on September 25, 2020 (the September 25 Judgment).[4]

On October 15, 2020, Meinhardt filed a notice of appeal from the September 25 Judgment. The Court of Appeal requested briefing on the appeal's timeliness and thereafter dismissed the appeal as untimely, concluding the August 6 Order was the "final judgment" from which Meinhardt should have appealed because it "denied" his mandate petition "in its entirety and did not contemplate any further action in the case." (*Meinhardt, supra*, 76 Cal.App.5th at p. 63.) In so concluding, the Court of Appeal acknowledged a split in published authority on the timeliness issue but chose to follow *Laraway v. Pasadena Unified School District* (2002) 98 Cal.App.4th 579 (*Laraway*) and *City of Calexico, supra*, 64 Cal.App.5th 180, which held that the time to appeal in writ proceedings[5] starts from the filing

---

[4]     Meinhardt explains that he served on the City a notice of entry of judgment on September 22, 2020, before the judgment's official entry on September 24, 2020, because he received from the court a courtesy copy of the signed judgment before its entry in the docket, and he served a notice of entry of judgment shortly after receiving the signed document. Given the date of official entry, we refer to the judgment as "the September 25 Judgment." The issue whether Meinhardt's premature service of the notice of entry of judgment triggered the 60-day period to file a notice of appeal is not before us and is not relevant to the disposition of this appeal. (See rule 8.104(a)(1)(B) [60 days after service of " 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service"]); rule 8.105(a)(1)(C) ["180 days after entry of judgment"].)

[5]     *City of Calexico* was an administrative mandate case; it appears *Laraway* was not. (*City of Calexico, supra*, 64 Cal.App.5th at p. 186 [section 1094.5 petition]; *Laraway, supra*,

of — or service of a file-endorsed copy of (together with a document reflecting the date of service of) — an order or ruling that is sufficiently final to constitute the judgment, not from a subsequent entry of judgment. (*Meinhardt*, at pp. 51, 67–68.) We granted Meinhardt's petition for review, which asserted that his notice of appeal was timely filed, within 60 days of service of notice of entry of the September 25 Judgment.

## DISCUSSION

### I. Appealability of "Judgments" in Administrative Mandate Proceedings

The right to appeal in California is "entirely statutory and subject to complete legislative control." (*Trede v. Superior Court* (1943) 21 Cal.2d 630, 634 (*Trede*); see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*) [whether a trial court's order is appealable is determined by statute].) Although the Judicial Council, in the California Rules of Court, has prescribed procedural rules governing the appellate process, it "does not have power to" promulgate rules that "restrict the statutory right of appeal." (*In re Aaron R.* (2005) 130 Cal.App.4th 697, 704.) Consequently, a rule "construed to define a right of appeal more restrictive than the right of appeal afforded by" statute "would be 'to that extent void.'" (*Ibid.*)

Reviewing courts likewise must remain true to statutes. "Though the rules governing appealability have common law

---

98 Cal.App.4th at p. 580 ["a writ of mandamus and prohibition, and for injunctive and declaratory relief" relating to a public records request].) The ruling that triggered the time to appeal was entitled "Order" in *Laraway* (*Laraway*, at p. 581) and "Order and Ruling" in *City of Calexico* (*City of Calexico*, at p. 185).

roots," courts "are not at liberty to modify those [common law] contours in ways at odds with the statutory language." (*Baycol*, *supra*, 51 Cal.4th at p. 759, fn. 5.) "A reviewing court's obligation to exercise the appellate jurisdiction with which it is vested, once that jurisdiction has been properly invoked, is established and not open to question." (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 669.) Similarly, an appellate court generally lacks jurisdiction to decide an appeal from an order unless the order is one that is expressly made appealable by statute. (*Griset*, *supra*, 25 Cal.4th at p. 698; *Garau v. Torrance Unified School Dist.* (2006) 137 Cal.App.4th 192, 198.)

Section 904.1, which provides a list of appealable judgments and orders, permits an appeal in any unlimited civil action[6] to be taken from any of 14 enumerated filings. The first such filing, with exceptions not relevant here, is "a judgment, except an interlocutory judgment." (§ 904.1, subd. (a)(1).) This means an appeal must be taken "from a judgment that is not intermediate or nonfinal but is the one final judgment." (*Morehart v. County of Santra Barbara* (1994) 7 Cal.4th 725, 741 (*Morehart*); *Dhillon v. John Muir Health* (2017) 2 Cal.5th 1111, 1112 (*Dhillon*) ["As a general rule, a litigant may appeal an adverse ruling only after the trial court renders a final judgment"].) This "one final judgment rule is 'a fundamental principle of appellate practice'" (*Baycol*, *supra*, 51 Cal.4th at p. 756), the purpose of which is to prevent "'piecemeal disposition and multiple appeals'" that "'tend to be oppressive and costly'"

---

[6]    This includes special proceedings such as administrative mandate proceedings. (§ 22 ["action" is "an ordinary proceeding"]; § 23 ["special proceeding" is "every other remedy"]; § 1110 [appellate rules and procedure that apply to civil actions apply to special proceedings].)

(*Morehart, supra,* 7 Cal.4th at p. 741, fn. 9). Section 904.1 also lists several "orders" that are appealable, including an order appointing a receiver (subd. (a)(7)), an order for sanctions of more than $5,000 (subd. (12)), and an order granting or denying a special motion to strike under section 425.16 (subd. (13)). Section 904.1 is supplemented by other statutes that create rights to appeal specific orders, such as section 1294, which makes appealable an order dismissing or denying a petition to compel arbitration.

Many "orders" are not statutorily appealable, and an appeal must therefore be taken from a "judgment" before the trial court's decision may be reviewed. This includes orders granting judgment on the pleadings (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 289, fn. 1), orders denying motions for a new trial (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19), and orders sustaining demurrers without leave to amend (*Berri v. Superior Court* (1955) 43 Cal.2d 856, 860) (*Berri*).

An order granting or denying a petition for writ of administrative mandate is also not enumerated in section 904.1 as an appealable order. Nor does any other statute expressly make such an order appealable. Indeed, the language of section 1094.5 is consistent with the view that entry of a "judgment" is contemplated in administrative mandate proceedings. Section 1094.5, subdivision (f), provides, first, that the "*court shall enter judgment*" (italics added) in administrative mandate proceedings, and then it describes the procedure for doing so as follows: "The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision

7

be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent." In outlining the law governing the issuance of stays of administrative orders, subdivision (g) of section 1094.5 refers to the taking of a "*notice of appeal from the judgment*" (italics added): "[T]he court in which proceedings under this section are instituted may stay the operation of the administrative order or decision pending the judgment of the court, or until the filing of a notice of appeal from the judgment or until the expiration of the time for filing the notice, whichever occurs first." Subdivision (h)(1) of section 1094.5, which sets forth other rules relating to stays, also contemplates that the notice of appeal will be "from the judgment."

Section 1064, which applies to "special proceeding[s]" including administrative mandate proceedings, and section 577, which more broadly applies to "an action or proceeding," say it is a "judgment" — and not an "order" or other ruling — that signals the end of a case. These sections explicitly provide that a "*judgment*" "is the final determination of the rights of the parties." (§§ 577, 1064, italics added.) In contrast, section 1003 defines an "order" as "[e]very direction of a court or judge, made or entered in writing, and not included in a judgment." (See § 1064 [definition of "order" in civil actions applies in special proceedings].)

Consistent with the language of sections 1094.5 and 1064, courts have contemplated that there will be entry of a formal judgment following an order granting or denying a petition for

writ of administrative mandate. (E.g., *Voices of the Wetlands v. State Water Resources Control Board* (2011) 52 Cal.4th 499, 526 ["The trial court here followed that mandate [of section 1094.5]; it issued a final judgment denying a writ of mandamus"]; *JHK Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1056 [treating "order" as appealable but stating, "[o]rdinarily, an appeal must be taken only from a final judgment, even in a mandamus action," citing § 904.1 and *Griset, supra,* 25 Cal.4th at p. 697]; *Cody v. Justice Court of Vacaville Judicial Dist.* (1965) 238 Cal.App.2d 275, 277, fn. 1 [permitting an appeal from an "order" denying a writ of mandate but stating, "It would seem that the granting or denial of relief in mandamus proceedings is effectuated by a *judgment* rather than an *order*"].)

The Legislature's "complete . . . control" over the right to appeal, the "entirely statutory" nature of the right to appeal (*Trede, supra,* 21 Cal.2d at p. 634), and the plain language of section 1094.5, which requires entry of "judgment," all indicate that entry of "judgment," and not the filing of an order, minute order, ruling, statement of decision, or any other differently entitled document, signals the end of the case in administrative mandate proceedings.

## II.  "Judgments" and Timeliness of Administrative Mandate Appeals

Despite the requirement of a "judgment," the significance of the one judgment rule, and statutory limitations on what is appealable, reviewing courts, including ours, have deemed orders and other rulings to be the "judgments" under certain circumstances, such as when the ruling is sufficiently final to constitute the one judgment in the case, to promote judicial

economy, to preserve a party's right to appeal, and to permit appellate review on the merits. (E.g., *Saben, Earlix & Associates v. Fillet* (2005) 134 Cal.App.4th 1024, 1030 ["some courts have chosen to treat an appeal from an order . . . as an appeal from a subsequently entered judgment, or even to deem the order itself to be a judgment, in order to save the faulty appeal"]; *Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 904 ["exercis[ing] its discretion [to] treat" as an appealable judgment a "statement of decision" that disposed of all issues].)

This practice has been common in cases involving orders that reflect the trial court's final decision but are not statutorily appealable, such as orders granting summary judgment (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 278, 307, fn. 10) and orders sustaining demurrers without leave to amend (*In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1262, fn. 4 [treating an appeal "taken from the nonappealable order sustaining the demurrer . . . as a premature but valid notice of appeal from the subsequently entered judgment"].) In *In re Social Services Payment Cases,* at page 1262, footnote 4, the Court of Appeal cited in support of its decision former rule 8.104(e)(2), now rule 8.104(d)(2), which is entitled "Premature notice of appeal" and provides: "The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."

Appellate courts have followed this practice in the context of administrative mandate proceedings as well. In *Tomra Pacific, Inc. v. Chiang* (2011) 199 Cal.App.4th 463, 481–482 (*Tomra Pacific*), the Court of Appeal stated: "We note that the order denying the petitions for a writ of mandate is not termed

a judgment and does not explicitly address the declaratory relief causes of action. Nevertheless, we are satisfied that the order before us constitutes an appealable final judgment as it left no issue for further consideration." In another case, a different Court of Appeal stated: "Although the trial court never entered a formal judgment on the petition for writ of mandate, its order denying the petition in its entirety 'constitutes a final judgment for purposes of an appeal.'" (*Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 820 (*Sandlin*).)

Relying on this practice of *permitting* an appeal by deeming a sufficiently final order or other ruling to be appealable, the Court of Appeal in this case *dismissed* the appeal, holding that in administrative mandate proceedings the filing of such an order is also the entry of judgment from which the time to appeal under rule 8.104(a)(1) begins. (*Meinhardt*, *supra*, 76 Cal.App.5th at p. 55.)[7] For reasons that follow, we reject this approach.

---

[7] As noted, the Court of Appeal also relied on two other appellate decisions that, based on similar reasoning, dismissed appeals as untimely. (*Meinhardt*, *supra*, 76 Cal.App.5th at pp. 51, 67–68, discussing *Laraway*, *supra*, 98 Cal.App.4th 579, and *City of Calexico*, *supra*, 64 Cal.App.5th 180.) The Court of Appeal declined to follow *Protect Our Water*, in which another Court of Appeal denied a motion to dismiss the appeal as untimely, stating, "[Respondent] filed a motion to dismiss the appeal as untimely, arguing the appeal was filed more than 60 days after service of the order denying the writ of mandate. However, the appeal was filed within 60 days after entry of the judgment, and the judgment is appealable. (See *Catalina Investments, Inc. v. Jones* (2002) 98 Cal.App.4th 1, 5, fn. 3; *MCM Construction, Inc. v. City and County of San Francisco* (1998) 66 Cal.App.4th 359, 367, fn. 3.)" (*Meinhardt*, *supra*, 76 Cal.App.5th at p. 67, quoting *Protect Our Water*, *supra*, 110 Cal.App.4th at p. 368, fn. 2.)

In *Alan*, the Court of Appeal dismissed as untimely an appeal from an order denying class certification[8] because a minute order entitled "Ruling on Submitted Matter," with an accompanying Statement of Decision, had been mailed to the parties 63 days earlier. (*Alan*, *supra*, 40 Cal.4th at p. 898, capitalization omitted.) Our court reversed, holding that unless and until a proper " 'Notice of Entry' " was served, the 60-day period in which to file the appeal under rule 8.104(a)(1) had not commenced. (*Id.* at p. 905.) We acknowledged that a statement of decision may, under some circumstances, be construed as the final judgment: "Reviewing courts have discretion to treat statements of decision as appealable when they must, as when a statement of decision is signed and filed and does, in fact, constitute the court's final decision on the merits." (*Id.* at p. 901.) However, we declined to construe a court's ruling as an appealable judgment for the purpose *of barring* appeal: "Certainly the desire to cut off a litigant's right to appeal cannot justify creating an exception to the general rule. Such an exception would directly contravene 'the well-established policy, based on the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' " (*Ibid.*) We also emphasized the importance of insuring clear rules govern the right to appeal: "rule [8.104(a)(1)] does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal.

---

[8] An order denying class certification is appealable where it would be the "death knell" of the action. (*Baycol*, *supra*, 51 Cal.4th at p. 757.)

'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' " (*Id.* at p. 905.)

The Court of Appeal in *Davis v. Superior Court* (2011) 196 Cal.App.4th 669 (*Davis*), similarly distinguished between treating a ruling as a judgment *for the purpose of preserving* an appeal and doing so *to deny* a party's right of appeal. The question in *Davis* was whether the notice of appeal, filed from a judgment granting summary judgment, was timely when a prior "order" granted the same relief. The Court of Appeal stated: "In *Swain* [*v. California Casualty Ins. Co.* (1999) 99 Cal.App.4th 1, 6], the appellate court's willingness to read the language of the court's order as constituting the court's judgment vindicated the right to appeal . . . . Here, in contrast, construing the trial court's language as its judgment when it was styled as an order extinguishes the right to appeal. Consistent with the importance of the right to appeal, we conclude that denying Davis his appellate rights requires more than an 'order' (the court's own title for its ruling) dressed up to masquerade as a 'judgment.' " (*Davis,* at p. 674.)

Similarly, here, the fact that an appellate court may preserve an appeal by deeming an order or other ruling to be a judgment does not necessarily mean the order or ruling *is* the judgment for all purposes, including commencing the time in which an appeal may be taken. It is in the context of *preserving* the right to appeal that we have stated that an order or other ruling constitutes a judgment. We are aware of no case of this court construing a court's ruling to be a judgment for the purpose of *dismissing* an appeal as untimely — in administrative mandate proceedings or otherwise — and we decline to do so here.

Instead, we conclude that the time to appeal in administrative mandate proceedings begins with the entry of "judgment" or service of notice of entry of "judgment," not with the filing of an "order" or other ruling, or service of notice of filing of such a ruling, even where an appellate court might deem such a ruling appealable in order to vindicate the right of appeal.  This conclusion is consistent with the plain language of the relevant statutes and rules that contemplate the entry of a "judgment," and with " 'the well-established policy, based on the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' "  (*Alan*, *supra*, 40 Cal.4th at p. 901.)

Our conclusion is also consistent with the goal of providing clarity to litigants when it comes to jurisdictional deadlines.  As stated above, "bright lines are essential in this area, to avoid both inadvertent forfeiture of the right to appeal and excessive protective appeals by parties afraid they might suffer such a forfeiture."  (*Baycol*, *supra*, 51 Cal.4th at p. 761.)  " 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' "  (*Alan*, *supra*, 40 Cal.4th at p. 905.)  In the case where an appellate court permits an appeal, the party seeking review of the trial court's decision has already filed a notice of appeal.  Based on that notice of appeal, the appellate court determines whether the decision from which the appeal was taken is sufficiently final to constitute a judgment,

and if it determines that it is, it may permit the appeal to go forward without a formal judgment.[9]

In contrast, a holding that an order or other ruling that is sufficiently final to constitute a judgment also *commences the running of the time to appeal* under rule 8.104(a)(1) would require parties to guess whether any ruling issued in the case may later be construed by a reviewing court to be the judgment that started the appellate clock. The Court of Appeal here stated that parties must timely appeal from rulings that are "*in effect*" judgments (*Meinhardt, supra*, 76 Cal.App.5th at p. 69, italics added), but it may not always be clear in a given case whether a ruling is sufficiently final to effectively constitute a judgment.[10] This uncertainty leaves parties guessing as to whether the time to appeal begins from the filing of, or service of notice of filing of, an order or other ruling, or from entry of, or service of notice of entry of, a judgment that may be subsequently entered. As commentators discussing the

---

[9]   In some cases, appellate courts instruct the trial court to enter judgment nunc pro tunc as of the date of the ruling from which the appeal has been taken so that the notice of appeal is deemed to have been filed after entry of judgment. (E.g., *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204 [instructing the trial court to enter judgment of dismissal nunc pro tunc "[t]o promote the orderly administration of justice, and to avoid the useless waste of judicial and litigant time that would result from dismissing the appeal merely to have a judgment formally entered in the trial court and a new appeal filed"].)

[10]   In some situations, such as in the case of an order sustaining a demurrer without leave to amend, or the order denying the petition at issue in this case, it may be fairly easy for litigants to determine whether the ruling is sufficiently final to constitute the judgment in the case; in other situations, however, that determination may not be so easy.

*Meinhardt* case have noted, the "appealability of orders adjudicating writs of mandate can present difficult problems, even for experienced writ practitioners." (Asimow, et al., Cal. Practice Guide: Administrative Law (The Rutter Group 2023) ¶ 21:22.2.) The *Meinhardt* rule requires "attorneys [to] scrutinize any order adjudicating a writ," which "may be titled 'order,' 'statement of decision,' 'findings of fact and conclusions of law,' or some other title," depending on the court or the particular judge's practices. (*Ibid.*)

Insofar as the City argues that the definition of "judgment" as the "final determination of the rights of the parties" (§§ 577, 1064), and the definition of "judgment" as including "appealable order[s]" (rule 8.104(e)), support its position that an order that may be found to meet that definition is a judgment for the purpose of starting the time to appeal, we disagree. Although some "orders" granting or denying petitions for writ of administrative mandate may be sufficiently final to fall within the legal definition of "judgment" (§§ 577, 1064), parties should not be required to guess, on a case-by-case basis, whether a given order constitutes a "judgment" such that the time to appeal will begin to run. We do not believe the Judicial Council, in promulgating rule 8.104, intended to require such a case-by-case analysis by the parties regarding whether the time to appeal has started to run. (*Alan*, *supra*, 40 Cal.4th at p. 905 [rule 8.104(a)(1) "does not require litigants . . . to guess, at their peril," whether their duty to file a notice of appeal is triggered].) Requiring entry of, or service of notice of entry of, a "judgment" — so denominated — to start the time to appeal leaves little room for confusion about when there is finality, and therefore comports with the importance of having "bright lines . . . in this area, to avoid both inadvertent forfeiture of the

16

right to appeal and excessive protective appeals by parties afraid they might suffer such a forfeiture." (*Baycol, supra,* 51 Cal.4th at p. 761.)

The City asserts that requiring entry of "judgment" to start the appellate clock would serve no purpose and could produce "unnecessary delay" in administrative mandate proceedings. It expresses concern that some trial judges, "for whatever reason," delay in signing proposed judgments or entering a "document titled 'judgment,' thereby delaying any appellate review of the trial court's decision." But the same may be said as to any civil action in which the trial court's decision must be in the form of a "judgment" to be appealable — for example, orders sustaining demurrers without leave to amend — yet this requirement does not appear to have caused undue delay because appellate courts are authorized to deem these orders to be judgments to permit the appeals to be proceed. (Rule 8.104(d)(2).) The same is true for writ proceedings; as noted above, when a party has appealed from an order granting or denying a writ petition, appellate courts have permitted appeals to go forward after determining the order in question has resolved all issues between the parties. (E.g., *Tomra Pacific, supra,* 199 Cal.App.4th at pp. 481–482, *Sandlin, supra,* 50 Cal.App.5th at p. 820.) Moreover, we are confident that trial courts, parties, and counsel will work together to ensure that judgments are timely signed and entered. In the event this does not occur, parties may pursue other options, such as the filing of a petition for a writ of mandate to compel the trial court to enter judgment. (See *Hadley v. Superior Court, supra,* 29 Cal.App.3d at p. 390.)

The City also asserts that requiring entry of judgment would cause parties to purposefully "prop the door open for appellate review — for months or years . . . . If they can persuade the trial court to hold off from entering 'judgment,' the parties can create their own convenient window for seeking appellate review." However, a prevailing party in an administrative mandate proceeding, just as in any civil action, has both the ability and the incentive to promptly submit a proposed judgment to the court, obtain entry of judgment, and serve a notice of entry of judgment to commence the time to appeal.

Further, notwithstanding the City's description of the September 25 Judgment as an "irrelevant" document, a judgment is significant in that the time between the filing of an order or other ruling and entry of judgment allows the parties to request — and trial courts to make — changes to the order or other ruling before the trial court loses jurisdiction. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc*. (2005) 134 Cal.App.4th 1477, 1482 [trial court lost jurisdiction to consider motion for reconsideration upon entry of judgment]; *Berri*, *supra*, 43 Cal.2d at p. 860 ["an order sustaining a demurrer without leave to amend is not appealable as it is not the final judgment in the case" and "the trial court may reconsider its ruling after such an order but before judgment and come to a different conclusion"].) As we have explained, one of the reasons for the one judgment rule is that "[u]ntil a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken." (*Morehart*, *supra*, 7 Cal.4th at p. 741, fn. 9.) "At any time before a judgment is entered the court may change its conclusions of law and enter a judgment different from that first

18

announced, and [judges] who [have] heard the evidence may at any time before entry of judgment amend or change [their] findings of fact." (*Wilson v. Los Angeles County Emp. Association* (1954) 127 Cal.App.2d 285, 289.) Once judgment is entered, the trial court "may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment." (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606.)[11]

We note that the City does not argue — and the Court of Appeal did not suggest — that the time to appeal in *all civil cases* begins with the filing of any order that is sufficiently final to constitute the judgment in the case. But they also have not persuasively explained why the time to appeal should begin with the filing of such an order in administrative mandate proceedings in particular. The City asserts in a cursory fashion that "one reason for [treating administrative mandate proceedings differently from civil actions] may be that . . . orders resolving all the issues in [administrative mandate proceedings] do not take numerous forms. This is in contrast to ordinary civil

---

[11] Meinhardt and Amicus Curiae Ballona Wetlands Land Trust point out that the local court rules in some counties require parties in writ proceedings to incorporate trial court rulings into proposed judgments (see Sacramento County Superior Court Local Rules, rule 2.26(e) [the prevailing party in writ proceedings must submit a proposed judgment to the court for approval]) or provide parties and trial courts the opportunity to resolve any issues after a judicial ruling and before entry of judgment (see Los Angeles County Superior Court Local Rules, rule 3.231(n) [parties in writ proceedings have 10 days after trial to raise objections to a proposed judgment and to meet and confer, and additional time, if necessary, for a hearing "for purposes of resolving any objections and signing the judgment"]).

actions, in which resolution of cases can range from motions to dismiss, to summary judgment, to trial by judge or jury, and in which numerous types of monetary and non-monetary remedies can be imposed." As Meinhardt points out, however, the City's argument "defies the actual diversity of practice that occurs in administrative mandate cases." (Citing, e.g., *Saint Francis Memorial Hospital v. State Dept. of Public Health* (20020) 9 Cal.5th 710, 719 [resolving administrative mandate case by demurrer]; *Angelier v. State Board of Pharmacy* (1997) 58 Cal.App.4th 592, 598, fn. 5 [statement of decision requirement of section 632 is implicated in administrative mandate proceedings where trial court is required to independently weigh the evidence, as opposed to merely assessing its sufficiency].) Nothing in the language of the relevant statutes and rules or in section 1094.5's legislative history[12] suggests that the calculation of the time to appeal in administrative mandate proceedings is different from the calculation in other proceedings. To the contrary, section 1110 explicitly provides that appellate rules and procedures that apply to civil actions apply to all special proceedings.

The City argues that *Dhillon* supports its position and the Court of Appeal's holding, but the argument is unpersuasive because *Dhillon* did not address timeliness. There, a surgeon filed a petition for writ of administrative mandate challenging a hospital's decision to suspend his clinical privileges. (*Dhillon*, *supra*, 2 Cal.5th at p. 1116.) The trial court ruled the surgeon was entitled to an administrative hearing before suspension of his privileges and ordered the hospital owner to conduct such a

---

[12]　At Meinhardt's request, we have taken judicial notice of, and reviewed, section 1094.5's legislative history.

hearing. (*Ibid*.) At the time, our Courts of Appeal disagreed as to whether rulings that partially granted writ petitions by ordering administrative hearings to take place were sufficiently final for purposes of appealability; we resolved that conflict by holding that they were. (*Id*. at pp. 1113–1114.) In stating that the "remand order" was, given its nature, "an appealable final judgment" (*id*. at p. 1116), we were addressing a question of appealability, not a question of timeliness. The only issue before us was whether the trial court's ruling that only partially granted a writ petition was sufficiently final for purposes of permitting the appeal to go forward. Thus, *Dhillon* does not support the City's argument or the Court of Appeal's holding that an order granting or denying a petition for writ of administrative mandate is the judgment from which the time to appeal begins to run. (See *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11 ["As we have repeatedly observed, ' " cases are not authority for propositions not considered." ' "].)[13]

In this case, after the trial court filed an "order" denying Meinhardt's petition for writ of administrative mandate, the parties signed, and the trial court signed and entered, a "judgment," which Meinhardt promptly served on the parties. If the earlier "order" was the "judgment" from which Meinhardt

---

[13] We also note Meinhardt's observation in his Opening Brief that the Court of Appeal docket in *Dhillon* "reflects that the appellant timely took its appeal from both '(1) the superior court's order — filed on or about 08/06/14 granting in part Jatinder Dhillon's motion for peremptory administrative writ [and] (2) the superior court's judgment on writ of mandate, filed on or about 09/08/14.' " Our own review of the Court of Appeal record confirms this observation. The fact that a subsequent judgment was entered in *Dhillon* simply was not relevant to the appealability issue we decided.

should have appealed, the subsequent entry of a judgment that explicitly stated, "the Court hereby enters Judgment," was not merely a nullity or a mistake; it was potentially misleading. (See *Davis*, *supra*, 196 Cal.App.4th at p. 673 ["The city's filing of its '[Proposed] Judgment' belies its assertion that nothing more needed to be done, for if nothing more were needed then why did the city file its proposed judgment?"].)

Finally, we note that under the Court of Appeal's analysis, parties would be unable to take a trial court at its word when it states that it is entering judgment. Instead, they will need to evaluate whether a prior minute order, statement of decision, order, or other ruling may later be found to be sufficiently final to constitute the judgment for purposes of commencing the running of the time to appeal. Ultimately, that rule would serve no apparent purpose and would encourage parties to file multiple protective appeals, thereby depriving the parties and the courts of the benefits of the one judgment rule. (See *Morehart*, *supra*, 7 Cal.4th at p. 738, fn. 4 [one final judgment rule is intended to avoid " ' "piecemeal disposition and multiple appeals" ' "].) Our resolution of the question better promotes clarity and uniformity, access to the courts for all parties — whether represented by counsel or not — and preserves the right to appellate review on the merits. We conclude that entry of — or service of notice of entry of — the September 25 Judgment started the time to appeal in this case and that Meinhardt's notice of appeal, filed October 15, 2020, was therefore timely. Accordingly, the Court of Appeal erred in dismissing the appeal.

**DISPOSITION**

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with this opinion.[14]

JENKINS, J.

**We Concur:**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**EVANS, J.**
**SANCHEZ, J.\***

_____

\*        Associate Justice of the Court of Appeal, Fourth Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

_____

[14]      We disapprove the cases on which the Court of Appeal relied that similarly dismissed, as untimely, appeals that were timely filed from entry of judgment — *Laraway v. Pasadena Unified School District, supra,* 98 Cal.App.4th 579 and *City of Calexico v. Bergeson, supra,* 64 Cal.App.5th 180. The Court of Appeal also cited *Valero Refining Co. California v. Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, in support of its conclusion. (*Meinhardt, supra,* 76 Cal.App.5th at p. 50.) The Court of Appeal in *Valero* stated in a footnote, "Contrary to the suggestion by [defendants], the appealable judgment was the court's order granting a writ of mandate, not a 'judgment' that it subsequently entered." (*Valero*, at p. 633, fn. 10.) To the extent this means the time to appeal begins with the filing of an order in writ proceedings, and not a subsequently entered judgment, we disapprove this language. Finally, we disapprove *Natomas Unified School Dist. v. Sacramento Bd. of Education* (2022) 86 Cal.App.5th 1013, to the extent it suggests that if the order granting a petition for writ of administrative mandate had finally resolved all issues in the case, it would have been the judgment that commenced the running of the time to appeal.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Meinhardt v. City of Sunnyvale

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 76 Cal.App.5th 43
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S274147
**Date Filed:**  July 29, 2024

_____

**Court:**  Superior
**County:**  Santa Clara
**Judge:**  Peter H. Kirwan

_____

**Counsel:**

Messing Adam & Jasmine, Gregg McLean Adam; Kirkland & Ellis, Michael Shipley and Nathaniel Haas for Plaintiff and Appellant.

Kimberly E. Leefatt, Jaclyn H. Prange; Chatten-Brown, Carstens & Minteer and Douglas P. Carstens for the Natural Resources Defense Council, Sierra Club and Planning and Conservation League as Amici Curiae on behalf of Plaintiff and Appellant.

Venskus & Associates, Sabrina D. Venskus, Jason R. Sanders; Law Offices of Brian Acree and Brian Acree for Ballona Wetlands Land Trust as Amicus Curiae on behalf of Plaintiff and Appellant.

Liebert Cassidy Whitmore, Brian P. Walter, Suzanne Solomon and David A. Urban for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael Shipley
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071
(213) 680-8222

David A. Urban
Liebert Cassidy Whitmore
6033 West Century Boulevard, 5th Floor
Los Angeles, CA 90045
(310) 981-2045